# Singer Manufacturing Co. *et al.* v. Taylor.

*Slander.*

(Decided March 2nd, 1907. 43 So. Rep. 210.)

*Principal and Agent; Liability of Principal; Tort of Agent; Slander.* —The agent of the Sewing Machine Company, at his office, said to plaintiff in the presence of others, "You are a thief. I know you." Held, the Company was not liable for the words uttered by the agent unles it authorized or ratified the act of the agent in uttering the words.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Julia E. Taylor against the Singer Manufacturing Company and another. From a judgment for plaintiff, defendants appead. Reversed and remanded.

Action for slander, begun by appellee against the Singer Manufacturing Company, a corporation, and Chas. Allen, jointly. There were numerous counts to the complaint, but the cause was tried upon counts 5, 6, 7, and 8. These allege that the plaintiff had occasion to go to the office of the agent of the corporation who had charge of the business of the corporation, to-wit, Allen, and who, acting in the line and scope of his employment and within his authority as such agent, said to the plaintiff: "You are a thief. I know you. I cannot be mistaken." Some of the counts allege that in using these words Allen was acting within the line and scope of his authority and employment, and for and on

behalf and in the interest and for the benefit of the corporations. Other counts allege, in addition to these averments, that Allen's acts and sayings were ratified by the corporation, and that the corporation approved these words. Demurrers were interposed, raising the question of a misjoinder of parties defendant, and of the inability to require the corporation to answer for the acts of its agent in this character of suit, and other questions not considered in the opinion of the court. These questions were all presented by objections to testimony on the part of the corporation, and presented by refused charges requested by each defendant in writing. Issue was joined upon the general issue and the statute of limitations of one year. There was verdict and judgment for plaintiff against both defendants.

WARD & DRENNEN, for appellant.—The general rule is that an action for the utterance of slanderous words cannot be maintained against two or more persons jointly.—18 A. & E. Ency. of Law, 1057. In the 1st count the words used by the agent are imputed to the malice of the agent rather than to the act performed in the course of his employment and, therefore, said count fails to show a joint slander.—10 Cyc. 146. It should appear in said count that the words were used by the agent of an incorporation under direction from the corporation or a ratification by the corporation.—18 A. & E. Ency. of Law, 1059; 10 Cyc. 1216; *Redditt v. Singer Mfg. Co.*, 32 S. E. 392; 1 Cook on Corp. p. 72. It is only where oral words imputing the commission of a crime exposes the person spoken of to a public prosecution that they can be actionable.—10 Cyc. p. 862 and 871; 18 A. & E. Ency. of Law, pp. 906, 919, 924; *Heath v. DeVaughan,* 37 Ala. 677; *Smith v. Galpin,* 31 Ala. 45. A corporation can only be liable for the intentional tortious acts of its agents when done within the scope of his business.—*Gilliam v. S. & N. R. R. Co.*, 70 Ala. 268; *Perkins v. Maysville*, 10 S. W. 659; *Redditt v. Singer Mfg. Co., supra.* It is absolutely necessary for the word to have been used in a felonious sense before plaintiff can recover.—*Wright v. Lindsay*, 20 Ala. 428;

*Kirksley v. Fife,* 29 Ala. 206; *Williams v. Cauley,* 18 Ala. 206; *Lawson v. Hicks,* 38 Ala. 279; *Turner v. Anderson,* 33 Ala. 78; *Heath v. DeVaughan, supra;* 2 Adams on Torts, § 119. As to what would constitute an authorization or ratification, see *C. of G. Ry. Co Case,* 76 Ala. 572.

B. M. ALLEN, for appellee.—The appeal in this case being from a judgment against two defendants and the appeal being in the name of only one, and the bond being made by only one, the appeal should be dismissed. —*Dumas v. Hunter,* 28 Ala. 638; *Alexander v .Rea,* 50 Ala. 64; *Vaughan v. Higgins,* 68 Ala. 546; *Coffee v. Norwood,* 81 Ala. 512. The bill of exceptions should be stricken.—*Gassenheimer v. Marietta Paper Co.,* 127 Ala. 183; *L. & N. R. R. Co. v. Hall,* 131 Ala. 161; *Southern Ry. Co. v. Jackson,* 133 Ala. 384; *Bradley v. Birmingham Net'l Bank,* 134 Ala. 660. Contrary to some of the ancient authorities, a corporation is liable for slander.—*Lafitte v. N. O. City & Lake R. Co.,* 12 L. R. A. (La.) 337; *Redditt v. Singer Mfg. Co.,* 32 S. E. Rep. (N. C.) 392; *Palmeri v. Manhattan R. Co.,* (N. Y.) 16 L. R. A. (N. Y.) 136; *Missouri Pac. Co. v. Richmond,* 4 L. R. A. (Tex.) 280; 1 Southerland on Damages, pp. 750, 753, 754, and 755, and authorities cited thereunder.

Contrary to some of the ancient authorities, a corporation is liable for malicious prosecution.—*Jordan v. A. G. S. R. R. Co.,* 74 Ala. 85; *S. & N. R. R. Co. v. Chappell,* 61 Ala. 527. While there has been some question as to whether corporations can be held liable in exemplary damages for the acts of their servants, the better rule seems to be that where a wrong has been committed in the ordinary course of the servant's duty, and is committed wilfully and wrongfully, a corporation can be held liable as in ordinary cases of tort.—13 Cyc. p. 117; see note 19, and authorities cited thereunder. In actions for libel and slander, wherever there has been a publication of matter, in itself libelous, or actionable per se, the law infers some damage.—1 Southerland on Damages, on page 12, and authorities

cited thereunder. In the appropriate sphere, corporations incur liability under same conditions as private persons. They may thus be guilty of slander and libel. —1 Sutherland on Damages, 750; *Samuels v. Evening Mail Ass'n*, 9 Hun. 228; *Philadelphia &c. v. Quigley*, 21 oward U. S. 202; *Whitfield v. S. E. R. Co.*, 96 E. C. L. 115; *Maynard, etc. v. Firearms, etc., Insurance Co.*, 34 Cal. 48; *Aldrich v. Press Printing Co.*, 9 Minn. 133.

TYSON, C. J.—This action was brought against a corporation and its agent for slander. It is alleged in the complaint that the agent, "while acting as agent for the defendant company and in line of his duty as such agent, falsely and maliciously charged the plaintiff with larceny, by speaking of and concerning her, in the presence of divers persons: 'You are a thief. I know you.' " "The current of authority now is that corporations are responsible civilly, the same as natural persons, for wrongs committed by their officers or agents in the course of their employment, or which are authorized or subsequently ratified."—*Jordan v. A. G. S. R. R. Co.*, 74 Ala. 85, 49 Am. Rep. 800. Accordingly actions have been maintained against corporations for malicious prosecutions and libel, as well as other torts too numerous to be mentioned. The offense of slander is essentially single, differing in this respect from libel. In Cooley on Torts, p. 124, it is said: "Some wrongs are in their nature necessarily individual, because it is impossible that two or more should together commit them. The case of the oral utterance of defamatory words is an instance. This is an individual act, because there can be no joint utterance. He alone can be liable who spoke the words; and, if two or more utter the slander at the same time, still the utterance of each is individual, and must be the subject of a separate proceeding for redress." See, also, 13 Ency. Pl. & Pr. p. 30.

The liability of the principal for the torts of the agent, when not based upon a breach of duty arising out of contract, as in the case of common carriers, is based upon principles of public policy. It is essential

to such liability that the tort of the agent, if not authorized or ratified by the principal, should be committed by the agent in the course of the business of the principal and of the agent's employment. By reason of the fact that the offense of slander is the voluntary and tortious act of the speaker, and is more likely to be the expression of momentary passion or excitement of the agent, it is, we think, rightly held that the utterance of slanderous words must be ascribed "to the personal malice of the agent, rather than to an act performed in the course of his employment and in aid of the interest of his employer, and exonerating the company unless it authorized or approved or ratified the act of the agent in uttering the particular slander."—10 Cyc. p. 1216. Mr. Odgers, in his work on Libel and Slander (star page 368), states the doctrine in this language: "A corporation will not, it is submitted, be liable for any slander uttered by an officer, even though he be acting honestly for the benefit of the company and within the scope of his duties, unless it be proved that the corporation expressly ordered and directed that officer to say those very words; for a slander is the voluntary and tortious act of the speaker." Common carriers are held liable in certain instances for the slander by their agents, but their liability in such cases is based upon the breach of duty arising out of the contract—"the duty of protecting each passenger from avoidable discomfort, and from insults, indignities, and personal violence."—*Birmingham R. & Elec. Co. v. Baird*, 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43. It was where the relation of passenger and carrier existed, and the duty was owing by the agent of the company to the plaintiff, that a recovery was allowed in *Lafitte v. N. O. City & Lake R. Co.*, 8 South. 701, 42 La. Ann. 34, 12 L. R. A. 337, and *Palmeri v. Manhattan R. R. Co.*, 30 N. E. 1001, 133 N. Y. 261, 16 L. R. A. 136, 28 Am. St. Rep. 632, relied on by appellee. These cases are dintinguishable from the one under consideration, and clearly have no application here.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.