# McIntyre *v.* Cudahy P. Co.

## *Slander and Libel.*

(Decided January 23, 1913. 60 South. 848.)

1. *Libel and Slander; Corporation; Agents.*—A corporation cannot commit slander, and can only become liable for the utterances of its agents by expressly authorizing them, or by approving or ratifying them.

2. *Same; Pleading; Language in Connection With Writing.*—Where a count alleged that defendants forged plaintiff's name to a receipt for goods never delivered to plaintiff's employers in order to support a charge made for goods alleged to have been delivered to them, and made a statement that said plaintiff had received and receipted for the goods mentioned in the receipt, the language spoken, even though slanderous, does not import the essentials of libel into the

receipt, since it is not a charge as to the meaning of the reecipt, but is independent language in connection therewith.

3. *Same; Demurrer.*—An allegation that defendant maliciously published in writing that goods had been received by plaintiff and that he had fraudulently converted same to his own use, is not a charge as to the meaning of said writing in connection with the facts, but is an averment of its contents which is not borne out by the writing as that is simply a receipt for goods to which plaintiff alleges defendants forged his name, and a further averment that the words and figures "O. K. Mc." were intended to mean that the goods had been received as aforesaid, cannot import a fraudulent conversion into the alleged meaning of the publication by reference to the prior averment.

4. *Same; Libelous per se; Special Damages.*—Where a publication is not libelous per se no recovery can be had without pleading and showing special damages.

APPEAL from Birmingham City Court.

Heard before Hon. CHAS. W. FERGUSON.

Action by William G. McIntire against the Cudahy Packing Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The appeal is on the record, and the wrong sought to be set out in each count is substantially as follows: That the defendant was a wholesale dealer in meat; and had in its employment the plaintiff, William G. McIntire. The defendant presented to Tanner Bros. a bill for meat, and a dispute arose between them as to the correctness of certain items. Tanner Bros. denying that it had received certain articles charged in the bill, and to prove that those articles were delivered to Tanner Bros., defendant is alleged to have forged the signature of the plaintiff, William G. McIntire, to a receipt for the articles in dispute, and to have presented it to Tanner Bros.; it being alleged that neither Tanner Bros. nor the plaintiff ever received those articles set out in the receipt, and that this defendant knew it. The dray receipt was alleged to be in the following words: "Birmingham, Ala., November 5, 1909. Tanner Brothers, received of Cudahy Packing Company

(giving the names of the various places of business) sales ticket No. 701; Six D. P. Loins, $5.85; 1 D. Ribs, $5.25; 3 Livers, $1.21. Total $12.31. O. K. Mc." And it is alleged that the letters, "O. K. Mc.," were intended to mean that the goods mentioned in said dray ticket were received by this plaintiff. And it is alleged that defendant maliciously and falsely charged plaintiff with embezzlement by speaking of and concerning him, in the presence of divers persons, in substance as follows: McIntire received and receipted for the goods mentioned in the dray receipt or writing. The demurrers raise the point that no libelous matter is contained in the receipt, and that the count fails to state a cause of action. Certain other counts charge the statement above set out to have been made by the agents, servants, or employees of the defendant, and the demurrers raise the point that no ratification is shown, and that the matters spoken of were not libelous or slanderous per se, and that no innuendo is alleged showing how they could be slanderous. The demurrers were sustained, and plaintiff appeals.

ALLEN & BELL, for appellant. The appeal is on the record and the errors assigned are the sustaining of demurrers to the counts of the complaint. As to the definition of a libel see *Iron Age Publishing Co. v. Crudup*, 85 Ala. 519, 25 Cyc. 245; *Smith Bros. v. Agee*, in MS. Two considerations arise then, first, did any of the counts show a libel of the plaintiff in his trade, followed by special damages? The following authorities answer the question in the affirmative.—25 Cyc. 326; 13 Ency. of P. P. 38; 3 Bing. 104; 102 Mich. 189. Whatever conclusion the court may reach as to whether the counts make a case for libel of the plaintiff in his trades, the complaint clearly makes out a case for

[McIntyre v. Cudahy P. Co.]

libel of plaintiff as an individual.—*Robinson v. Drummond,* 24 Ala. 171; *Smith v. Gafford,* 31 Ala. 41; 25 Cyc. 440. A demurrer will only be sustained when the court is of the opinion that the publication is incapable of any reasonable construction which will render the words defamatory.—*Iron Age Pub. Co. v. Crudup, supra; Trimble v. Anderson,* 79 Ala. 514. Written words which charge dishonesty or fraud will support an action for libel although not importing the commission of a crime—*Wafford v. Meeks,* 129 Ala. 249; *Ivey v. Pioneer Savings Co.,* 113 Ala. 249. An application of these principles to the counts in question will show that the counts added by way of amendment state a cause of action.

TILLMAN, BRADLEY & MORROW and L. C. LEADBEATTER, for appellee. Corporations cannot commit libel, except by their agents, and then only where they specifically authorize it or approve or ratify it.—*Singer Mfg. Co. v. Taylor,* 150 Ala. 574. This eliminates counts 1, 3, 4, 5, 6, 7, and 8, and leaves only the second and ninth count to be considered. The published matter in this case was not libelous per se and special damages resulting to plaintiff must appear.—*Gaither v. Advertiser Co.,* 102 Ala. 415; *L. R. Pub. Co. v. Galliher,* 153 Ala. 364; *Johnson v. Turner,* 159 Ala. 356; *Ferdon v. Dickens,* 161 Ala. 181; *T. C. I. & R. R. Co. v. Kelly,* 163 Ala. 348; *Same Case,* 165 Ala. 378.

ANDERSON, J.—The complaint contained 9 counts, many of which were added by amendment. Counts 1, 3, 4, 5, 6, 7, and 8 set up either the publication of the receipt in connection with words spoken as constituting a libel, or charge slander in the speaking of words in connection with the receipt. The written matter is

not libelous per se, as the paper contains the most complete and innocent language. The language spoken, even though slanderous, does not import the essential of libel into said receipt, as the said language is not a charge as to the meaning of the receipt, but is independent language in connection with the said receipt.

It is well settled in this jurisdiction, as well as others, that a corporation cannot commit slander, and can only become liable for the utterances of its agents by expressly authorizing the slanderous utterance, or by approving or ratifying the said utterance. In the case of *Singer Mfg. Co. v. Taylor*, 150 Ala. 574, 43 South. 210, 9 L. R. A. (N. S.) 929, 124 Am. St. Rep. 90, this court, speaking through Tyson, C. J., said: "By reason of the fact that the offense of slander is the voluntary and tortious act of the speaker, and is more likely to be the expression of momentary passion or excitement of the agent, it is, we think, rightly held that the utterance of slanderous words must be ascribed, 'to the personal malice of the agent, rather than to an act performed in the course of his employment and in the aid or the interest of his employer, and exonerating the company unless it authorized or approved or ratified the act of the agent in uttering the particular slander.'—10 Cyc. 1221. Mr. Odgers, in his work on Libel and Slander, states the doctrine in this language: 'A corporation will not, it is submitted, be liable for any slander uttered by an officer, even though he be acting honestly for the benefit of the company, and within the scope of his duties, unless it be proved that the corporation expressly ordered and directed that officer to say those very words; for a slander is the voluntary and tortious act of the speaker.'" The trial court did not err in sustaining the demurrers to these counts.

It is well settled that, when the matter published is not liberous per se, the publication must result in special damage to the party complaining. The receipt in question not being libelous per se, therefore, when the plaintiff relies upon an innuendo, he must show special damages, and the failure to do so goes to his right of action and can be reached by a demurrer to the complaint, and which is a different proposition from the holding that nonrecoverable damages must be stricken and not questioned by demurrer to the complaint, if it claims recoverable damages.—*Tenn. Co. v. Kelly,* 163 Ala. 348, 50 South. 1008; *Labor Review Publishing Co.. v. Galliher,* 153 Ala. 364, 45 South. 188, 15 Ann. Cas. 674; *Gaither v. Advertiser,* 102 Ala. 458, 14 South. 788. Count 2 does not show that plaintiff sustained any special damage and, as the publication was not libelous per se, the demurrer thereto was properly sustained.

The ninth count does set up special damages, but the facts set up as the innuendo do not render the publication of the receipt libelous. It is true, the complaint charges that the defendant falsely and maliciously "published in said writing that said goods had been received by this plaintiff for said partnership by virtue of said employment and had fraudulently converted same to his own use or to the use of another." It must be noted that this is no charge as to the meaning of the receipt in connection with the facts, but is an averment of the contents of the receipt, and which is not borne out by the receipt, which is set out in hæc verba. It further avers that the words and figures, "O. K. Mc.," which appear together in the receipt, were intended by defendant to mean that the goods and chattels set out in said writing had been received, as aforesaid, by this plaintiff. Now the preceding averment does not charge the meaning of the receipt, or that the plaintiff fraudu-

lently converted the goods, but merely charges that the receipt charges this fact, and a fraudulent conversion of the goods cannot be read in the alleged meaning of the publication by a mere reference to the preceding averment, as the preceding averment only incorrectly avers the contents of the receipt, and not the meaning of same. The trial court did not err in sustaining the demurrer to this count.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.