# JOHN NETTLE v. FLOUR CITY ORNAMENTAL IRON WORKS and Another.[1]

July 10, 1914.

Nos. 18,659–(195).

**Master liable to servant for foreman's act.**

Defendant master *held* liable for injury from blow of its foreman, although he struck plaintiff while stopping a fight between plaintiff and another workman. [Reporter.]

Action in the district court for Hennepin county against the Flour City Ornamental Iron Works and Frederick Johnson, to recover $5,000 for personal injury received while in the employ of defendant company. The action was tried before Hale, J., and a jury which returned a verdict for $750 in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*A. B. Darelius,* for appellants.

*J. M. Bearnes,* for respondent.

PER CURIAM.

The defendant corporation operated a large manufacturing plant. The defendant Johnson was the foreman in charge. Plaintiff, employed therein, got into an altercation with another employee of inferior physique and "dropped him." Whereupon the latter complained to the foreman. The foreman, accom-

[1] Reported in 148 N. W. 43.

panied by the complainant, went to plaintiff. A fresh affray started between the two and the foreman was obliged to chastise both in order to stop the fight. In the mêlée he struck plaintiff. Plaintiff claimed that as a result he lost three teeth on the spot, and four were so loosened that they, soon thereafter, dropped out. Nevertheless, he continued to work that day and for a year thereafter, without making any complaint and without seeking any medical aid; and then he started this action for damages, resulting in a verdict for $750. No one can read the record without feeling that plaintiff's testimony as to his injuries and suffering is overdrawn, and also that, as far as natural justice is concerned, he had something coming from the foreman in the way of punishment. But, on the other hand, it is clear that the blow struck by the foreman was such that a jury might well find in it the use of excessive force, even though it was given in an effort to quell a disturbance which it was his right and duty to stop. If so, he was liable. There can be no doubt that the evidence is ample to sustain the claim that the corporation must shoulder responsibility for the foreman's act in the premises. It surely was within the scope of his duties to preserve order in the factory. The only doubt is concerning the amount of the verdict. A smaller verdict would have met with a readier approval. But the opinion of the majority is that this court should not disturb the verdict rendered, inasmuch as the trial court has seen fit to let it stand.

Order affirmed.