# Republic Iron & Steel Co. *v.* Self.

## *Slander.*

(Decided April 22, 1915.  68 South. 328.)

1. *Corporations; Tort; Slander; Liability.*—Unless the corporation expressly directed the officer to use the words, the corporation is not liable for the slander uttered by one of its officers, though he be acting for its benefit and within the scope of his duty.

2. *Assault and Battery; Action; Evidence.*—Where a plaintiff sought to recover damages for the insulting and abusive language used by the manager of defendant's store, the tone of voice in which the words were spoken was admissible; for whether the act amounted to an assault or otherwise, depended largely on the tone.

3. *Corporations; Acts of Manager; Liability.*—Where plaintiff stated to the manager that he would take money off a dead man's eyes, and in reply thereto the manager used abusive and insulting language, and told her to leave the premises, the corporation was not liable, as the abusive language was not an incident to the duties of the manager.

4. *Assault and Battery; Acts Constituting.*—An assault being an offer or attempt to strike or injure another, but without an actual battery. the fact that the manager of defendant's store told plaintiff she was no lady, charged her with being a liar, and ordered her out, but did not use or offer to use any force, did not render the manager guilty of an assault for which defendant corporation was liable, and the only remedy of defendant was by an action for slander.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Burtie Self by next friend, against the Republic Iron & Steel Company, for damages for slan-

der and assault and battery. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under the act creating such court.

PERCY, BENNERS & BURR, for appellant.

HARSH & BEDDOW, and A. LEO OBERDORFER, for appellee.

THOMAS, J.—The cause was submitted on count 1 which claimed that: "While plaintiff was in said commissary or store, in or about transacting business with the defendant, which business was conducted by the defendant in said commissary or store, one of the defendant's servants or agents, whose duty it was, on behalf of the defendant, to wait upon those having business with the defendant in said commissary or store, wrongfully used abusive or insulting language towards plaintiff while both were in said commissary or store and plaintiff was engaged in or about said business with said defendant in said commissary or store and as a proximate consequence thereof plaintiff was greatly humiliated, suffered great mental and physical pain and anguish, was caused to prematurely leave said commissary or store, and was put to great trouble, annoyance, vexation, inconvenience, and expense in or about transacting said business, for all of which plaintiff claims damages, and plaintiff also claims punitive damages."

(1) This is not a suit for slander. If it were such, no recovery could be had under this evidence, for it is well settled in this jurisdiction that a corporation will not be liable for any slander uttered by an officer, even though he be acting honestly for the benefit of the com-

pany and within the scope of his duties, unless it be proved that the corporation expressly ordered and directed that officer to say those very words; for a slander is the voluntary and tortious act of the speaker.—*McIntyre's Case,* 179 Ala. 404, 60 South. 848; *Singer Mfg. Co. v. Taylor,* 150 Ala. 574, 43 South. 210, 9 L. R. A. (N. S.) 929, 124 Am. St. Rep. 90.

(2) The suit is for damages for using abusive and insulting language to plaintiff while in defendant's commissary store. The questions and answers as to the tone and manner in which the words were spoken were competent. Whether or not words spoken by one person to another are to be regarded as abusive and offensive or insulting, or whether the act amounted to an assault or otherwise, depends largely upon the manner or the tone of voice of the speaker.—*Barlow et al. v. Hamilton,* 151 Ala. 634, 44 South. 657; *Hill v. State,* 146 Ala. 51, 41 South. 621; *Riley v. State,* 132 Ala. 13, 31 South. 731; *A. G. S. R. R. Co. v. Pouncey,* 7 Ala. App. 548, 554, 61 South. 601.

(3) The undisputed evidence and the charges requested by defendant, and refused by the court, present for decision the questions: (1) Whether there was a duty upon the keeper of a commissary to protect appellant from such indignity while in the store; (2) whether abusive words unaccompanied by acts that amount to an assault constitute a cause of action against the owner of the store.

The rule of—let the principal answer—respondeat superior applies only when what is complained of was done in the course of the employment. The principal is responsible, not because the servant acted in his name, or under color of his employment, but because the servant was actually engaged in and about his business and carrying out his purposes. He is, then, re-

sponsible, because the thing complained of, though done through the agency of another, was done by himself; and it matters not in such cases whether the injury with which it is sought to charge him was the result of negligence, or of unskillful or wrong conduct; for he must choose fit agents for the transaction of his business. But if his business is done, or is taking care of itself, and his servant, not being engaged in it, nor concerned about it, but impelled by motives that are wholly personal to himself, and *simply to gratify his own feeling of resentment,* whether provoked or unprovoked, commits an assault upon another, when such an act has and can have no tendency to promote any purpose in which the principal is interested, and to promote which the servant was employed, then the wrong is the purely personal wrong of the servant, for which he alone is responsible.—*Haehl v. Wabash R. Co.,* 119 Mo. 325, 24 S. W. 737; *State v. Gillespie,* 62 Kan. 469, 63 Pac. 742, 84 Am. St. Rep. 411; *So. Ry. Co. v. Morrison,* 105 Ga. 543, 31 S. .E 564; 34 Cyc. 1673. In *Hardeman v. Williams,* 150 Ala. 415, 43 South. 726, 1 L. R. A. (N. S.) 653, this court said: "If the servant step aside from his master's business, for however short a time, to do an act not connected with his master's business, the relation of master and servant for the time is suspended."—Cooley on Torts, § 533 et seq.

In *Palos Coal & Coke Co. v. Benson,* 145 Ala. 664, 39 South. 727, the rule was thus stated: "The act must be, not only 'within the scope of the employment,' but also 'committed in the accomplishment of the objects within the line of his duties, or in and about the master's business or duties assigned to him by his employer.' "

The case of *Hardeman v. Williams, supra,* is much like that for decision in this case. The agent of the defendant went with an officer to the plaintiff's house to assist the officer in taking some furniture under a writ of detinue sued out by the defendant, and while there the constable and the plaintiff got into a quarrel over a remark made by the plaintiff with respect to a matter having no connection with taking the furniture or the execution of the writ, and, in assisting the officer, defendant's agent committed a battery on plaintiff. The court held that it did not appear that the agent committed the assault in the course and within the scope of his employment, and that his principal was not liable therefor.

The question again came before the court in *Hardeman v. Williams,* 169 Ala. 50, 53 South. 794, where under an amended complaint it was held, under the facts of the former appeal, that a question for the decision of the jury was presented. Mr. Justice SAYRE said: "The principal is responsible for the acts of his agent done within the scope of his employment, and in the accomplishment of objects *within the line of his duties,* though the agent seek to accomplish the master's business by improper or unlawful means, or in a way not authorized by the master, unknown to him, or even contrary to his express direction."

In this class of cases, to authorize the submission of the question to the jury, the evidence must tend to show that the wrong was committed by the agent while he was executing his agency, and not from a motive or a purpose of his own, having no relation to the business of the master. If the evidence tends to show that it was an incident to carrying on the master's business, the master may be held liable, though he did not authorize the agent to resort to such means in rendering

the service for which he was employed.—*Birmingham W. Co. v. Hubbard*, 85 Ala. 179, 4 South. 607, 7 Am. St. Rep. 35; *Case v. Hulsebush*, 122 Ala. 212, 26 South. 155; *Gassenheimer v. Western of Ala.*, 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; *Jebeles & Colias C. Co. v. Booze*, 181 Ala. 456, 62 South. 12. In the *Gassenheimer Case, supra*, the difficulty occurred over the delivery of freight; in the *Hulsebush Case* the assault grew out of a dispute about a fee the deputy was seeking to collect, while in *Booze's Case* it occurred in discharging a servant. In each of these cases the assault or battery had occurred in the course of the employment, or was an incident to the carrying on of the business of the master by his agent.

In the case before us the evidence shows that the offensive words were used by Mr. Wall, not as appellant's agent, in the doing of an act of the agency, nor as incidental to the carrying on of his master's business, but simply as the result of his own feeling of resentment at appellee's remark about his individual character. The appellee's statement of the unfortunate occurrence was that Mrs. Butler and Mr. Wall, the clerk, were engaged in a discussion about a debt that he claimed Mr. Butler owed the company; that Mrs. Butler looked around to her and said, "That's one man you cannot beat out of anything;" that appellee said she replied to Mrs. Butler in a mannerly way that "Mr. Wall would take a nickle off a dead man's eye," and to which remark the said Wall replied: "You are a liar and a dirty liar; I never took anything from you; no lady would have said that, and I consider you no lady." Upon which appellee apologized, saying she "was only joking," but said Wall replied: 'I never took anything from you; I don't consider no lady would have said that, and I consider you no lady. Get out of the store."

The evidence is without conflict that said Wall did not assault or eject appellee from the store, but when she had finished trading, "she left the store and went home crying." The gist of appellee's grievance is that she was insulted while in appellant's commissary by abusive words uttered by one of its clerks.

(4) The action for verbal abuse is slander. The words used, when not accompanied by an assault, are clearly not the subject of an action for damages.—*Reed v. Moley*, 62 L. R. A. 900; *Davis v. Richardson*, 76 Ark. 348, 89 S. W. 318; *Prince v. Ridge* 32 Misc. Rep. 666, 66 N. J. Supp. 454; *Stearns v. Sampson*, 59 Me. 568, 8 Am. Rep. 442; *Bucknam v. G. N. Ry. Co.*, 76 Minn. 373, 79 N. W. 98. The conduct complained of did not amount to an assault.

Blacktone defines an "assault" as: "An attempt or offer to beat another, without touching him; as if one lifts up his cane or fist in a threatening manner at another, or strikes at him, but misses him."

An assault is a trespass for which a man shall have an action to recover damages, though there be no battery and therefore no physical hurt.—3 Bl. Comm. 120; Pollock, C. B., in *Corbett v. Gray*, 4 Exch. 729; 2 Modern American Law, Blackstone Inst. 8, 9, 17, 18. The law in such case allows the jury to assess damages for the insult and the indignity, and for the hurt to the feelings, and for mental suffering and fright caused by assault.—*Birmingham Ledger Co. v. Buchanan*, 10 Ala. App. 527, 65 South. 667; *Lewis v. Hoover*, 3 Blackf. (Ind.) 407; *Newell v. Witcher*, 53 Vt. 589, 38 Am. Rep. 703; *Leach v. Leach*, 11 Tex. Civ. App. 699, 33 S. W. 703; *Barbee v. Reese*, 60 Miss. 906; *Beach v. Hancock*, 27 N. H. 223, 59 Am. Dec. 373; *Commonwealth v. White*, 110 Mass. 407; *Prince v. Ridge, supra.* For the refusal of the court to give the affirmative charge re-

quested by the appellant, the cause is reversed and remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.