# L. J. ROEMER v. JACOB SCHMIDT BREWING COMPANY.[1]

April 28, 1916.

Nos. 19,592—(39).

**Liability of employer for slander by agent.**

1. The liability of a corporation for a slander uttered by its agent is governed and determined by the same rule which determines its

[1]Reported in 157 N. W. 640.

---

Note.—On the liability of corporation for slander by an agent or employee, see note in 21 L.R.A.(N.S.) 873.

On the liability of employers other than the proprietor of a publication for libel by employee, see note in L.R.A. 1915 D, 867.

The granting of new trial by appellate court on account of excessive damages is discussed in note in 26 L.R.A. 391.

liability in case of a libel published by such agent, and it is responsible for a slander uttered by such agent in the course of his employment and while engaged in furthering the business of the corporation.

**Evidence.**

2. The evidence is sufficient to sustain the finding of the jury that the slanderous words were heard by other persons as well as by plaintiff.

**New trial — excessive damages.**

3. New trial granted on the ground that the verdict is so excessive as to indicate that it was given under the influence of passion or prejudice.

Action in the district court for Freeborn county to recover $10,000 for slander. The case was tried before Kingsley, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $3,000. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $2,000. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*M. J. Ryan, Paul G. Bremer, John F. D. Meighen and Bennett O. Knudson,* for appellant.

*Dunn & Carlson,* for respondent.

TAYLOR, C.

Defendant is a corporation having its principal office and place of business in St. Paul, but having a branch office and warehouse at Albert Lea. Plaintiff, who had been in charge of the branch office at Albert Lea for about three years, requested defendant to check up and audit his accounts. Defendant employed one Sullivan, an accountant, and sent him to Albert Lea to do this work. Ill will arose between plaintiff and Sullivan, and one evening in a saloon Sullivan made some disparaging remarks to plaintiff and plaintiff knocked him down. Two days later, J. H. Nicolin, who had charge for defendant of all its branch establishments, came to Albert Lea, discharged plaintiff and took possession of the office and warehouse. Plaintiff claims that immediately after his discharge he turned to Sullivan, who was in the office, and asked for the balance due on his salary; and that Sullivan in refusing to pay it stated

that plaintiff had embezzled $6,000 from defendant. Thereafter plaintiff brought this action against defendant for slander and recovered a verdict. Defendant made the usual alternative motion for judgment notwithstanding the verdict or for a new trial and appealed from the order denying its motion.

1. Although admitting the well-established rule that a corporation is responsible for the torts of an agent or servant committed in the course of his employment and while engaged in furthering the business of his principal or master, and that a libel published by an agent or servant falls within the rule, defendant contends that a slander spoken by an agent or servant is governed by a different rule, and that a corporation is not liable therefor unless it expressly authorized, ratified or approved the defamatory statement.

The authorities are conflicting. Several courts make a distinction between libel and slander, and hold that a corporation may be responsible for the publication, by its agent, of a libel which it neither authorized nor ratified, but is not responsible for the utterance of a slander by such agent, unless it expressly authorized or ratified the defamatory utterance. See McIntyre v. Cudahy Packing Co. 179 Ala. 404, 60 South. 848; Lindsey v. St. Louis, I. M. & S. Ry. Co. 95 Ark. 534, 129 S. W. 807; Southern Ry. Co. v. Chambers, 126 Ga. 404, 55 S. E. 37, 7 L.R.A. (N.S.) 926; Stewart Dry Goods Co. v. Heuchtker, 148 Ky. 228, 146 S. W. 423; Flaherty v Maxwell Motor Co. (Mich.) 153 N. W. 45; Kane v. Boston Mut. Life Ins. Co. 200 Mass. 265, 86 N. E. 302.

Other courts hold that there is no sound distinction between liability for libel and liability for slander, and take the position that a corporation is responsible for a slander uttered by an agent to the same extent that it would be responsible for a libel published by such agent, or for any other tort committed by him. Rivers v. Yazoo & M. R. Co. 90 Miss. 196, 43 South. 471, 9 L.R.A.(N.S.) 931; Hypes v. Southern Ry. Co. 82 S. C. 315, 64 S. E. 395, 21 L.R.A.(N.S.) 873, 17 Ann. Cas. 620; Empire Cream Separator Co. v. De Laval Dairy Supply Co. 75 N. J. Law, 207, 67 Atl. 711; Waters-Pierce Oil Co. v. Bridwell, 103 Ark. 345, 147 S. W. 64, Ann. Cas. 1914 B, 837; Sawyer v. Railroad, 142 N. C. 1, 54 S. E. 793, 115 Am. St. 716, 9 Ann. Cas. 440; International Text-Book Co. v. Heartt (C. C. A.) 136 Fed. 129, 69 C. C. A. 127.

The courts which hold that a corporation is not liable for a slander uttered by its agent unless it had expressly authorized or approved such utterance, concede, as a thoroughly established modification of that rule, that where the relation between the corporation and the person aggrieved created a duty on the part of the corporation to see that such person did not suffer injury or indignity, as in the case of carrier and passenger, merchant and customer, and the like, it is liable for defamatory statements made by its agent or servant, even if made contrary to express instructions.

To support their conclusion that a different rule should be applied in respect to slander from that applied in respect to libel and other torts, these courts argue that slanderous words, usually spoken in excitement or anger, are so peculiarly the expression of the personal feeling or opinion of the one who utters them that his principal who has neither authorized nor ratified his statement ought not to be liable therefor.

It is difficult to see why a similar argument could not be advanced with equal force to relieve the principal from liability where his agent or servant assaults another, or institutes a malicious prosecution, or commits any wrongful act involving the element of malice; yet it is well settled in this state, and is the general rule, that the principal may be made to respond in damages in such cases, although he neither authorized nor approved the act of his agent or servant.   Smith v. Munch, 65 Minn. 256, 68 N. W. 19 (false imprisonment) ; Lesch v. Great Northern Ry. Co. 93 Minn. 435, 101 N. W. 965 (unlawful search) ; Robie v. Canadian N. Ry. Co. 101 Minn. 534, 111 N. W. 1134, (false imprisonment) ; Anderson v. International Harvester Co. 104 Minn. 49, 116 N. W. 101, 16 L.R.A.(N.S.) 440 (assault) ; Barrett v. Minneapolis, St. P. & S. S. M. Ry. Co. 106 Minn. 51, 117 N. W. 1047, 18 L.R.A.(N.S.) 416, 130 Am. St. 585, (General rule) ; Peake v. Milaca State Bank, 120 Minn. 455, 139 N. W. 813, Ann. Cas. 1914B, 1284, (malicious prosecution and false imprisonment) ; Burnham v. Elk Laundry Co. 121 Minn. 1, 139 N. W. 1069, (assault) ; Nettle v. Flour City Ornamental Iron Works, 126 Minn. 530, 148 N. W. 43, (assault) ; Helppie v. Northwestern Drainage Co. 127 Minn. 360, 149 N. W. 461, (punitive damages) ; Peterson v. Western Union Telegraph Co. 75 Minn. 368, 77 N. W. 985, 43 L.R.A. 581, 74 Am. St. 502, (libel and punitive damages) ; Nava v. N. W. Tel. Exch. Co. 112 Minn. 199, 127 N. W. 935, (libel) ; Lammers v.

Mason, 123 Minn. 204, 143 N. W. 359 (malicious prosecution) ; Hammer v. Forde, 125 Minn. 146, 145 N. W. 810, (punitive damages).

In all the above cases the liability of a corporation for the acts of its agent was affirmed. In Barrett v. Minneapolis, St. P. & S. S. M. Ry. Co. supra, the court, speaking in a case involving the liability of a corporation, say that it is now the "well-settled rule of this court, whatever may be the rule in other jurisdictions, that a master is responsible for the torts of his servant, done in the course of his employment with a view to the furtherance of the master's business, and not for a purpose personal to himself, whether the same be done negligently or wilfully, but within the scope of his agency, or in excess of his authority, or contrary to the express instructions of the master. Any statement to the contrary in the Brevig case is overruled." None of the cases above cited were based upon slander, but we can see no substantial reason why the same rule which imposes liability upon a corporation when its agent commits an assault, makes a false arrest, institutes a malicious prosecution, commits a malicious trespass, or maliciously causes injury to another, should not also impose liability upon it when the agent slanders another. We think there is no sound distinction between the liability for slander and the liability for the torts considered in the above cases.

In the present case there is evidence to the effect that Sullivan had authority to adjust and settle plaintiff's account, and the finding of the jury that he uttered the slanderous words while engaged in the performance of that duty and while acting within the scope of his employment cannot be disturbed.

2. Defendant also contends that it does not appear that any one except plaintiff heard the statement made by Sullivan, and that plaintiff is not entitled to recover for that reason. The only evidence of the making of the defamatory statement is the testimony of plaintiff himself. At the time it is alleged to have been made, four employees of defendant, besides plaintiff and Sullivan, were in the office. If it was made as plaintiff testified and in the tone of voice that he stated, these other employees were sufficiently near for the jury to infer that they must have heard it. Two of them testified that they did not hear it, a third had died before the trial, and the fourth could not be found. Sullivan did not reach Albert Lea, the place of trial, until the trial had been completed and did

not testify. We are unable to say that it appears conclusively from this record that no one except plaintiff heard the statement, and hold the evidence is sufficient to sustain the finding upon this question.

3. The action of the jury in returning a verdict for $3,000 gives rise to the serious question in the case. The district court granted a new trial, unless plaintiff consented to remit one-third of the verdict. Plaintiff filed a written consent to such reduction. Even as reduced, we deem the verdict excessive. There is no claim that special damages or pecuniary loss have resulted from the defamatory statement. While plaintiff was entitled to some amount as general damages, and the jury could add thereto an additional amount as punitive damages, we are unable to see how they could have allowed him the sum of $3,000 as a reasonable amount under the facts of this case, if they had acted impartially and free from prejudice. In view of all the circumstances, we think that instead of this court making a further reduction the case should be submitted to another jury. Order reversed and a new trial granted on the ground that the amount of the verdict is so excessive as to indicate that it was given under the influence of passion or prejudice.