(89 South. 725)

## NATIONAL LIFE INS. CO. OF THE UNITED STATES v. ABERNATHY.
(6 Div. 17.)

(Supreme Court of Alabama. Jan. 27, 1921. Rehearing Denied May 5, 1921.)

1. **Corporations** ⬅➡423—When corporation liable for slander by agent stated.

A corporation is not liable for slander by its agents except where it has expressly authorized it or subsequently ratified it, or where it constitutes a breach of duty toward plaintiff arising out of contract.

2. **Insurance** ⬅➡93 — Complaint for slander against corporation based on contractual relation held insufficient in substance.

Complaint for slander brought against an insurance company by insured, based on statements by insurer's agent that sick benefits were refused insured because venereal disease was the cause of her illness, *held* insufficient to set up a contractual relation making the corporation liable for slander as constituting a breach of duty arising out of contract.

Anderson, C. J., and Gardner, J., dissenting.

Appeal from Circuit Court, Jefferson County; Richard Evans, Judge.

Action by Luella Abernathy against the National Life Insurance Company of the United States for damages for libel and slander. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

The cause was submitted to the jury upon amended counts 2 and 6A, which are as follows:

Count 2. Plaintiff claims of the defendant the further sum of $5,000, as damages for that heretofore on, to wit, the 1st day of June, 1918, the plaintiff was insured by the defendant under a certain policy wherein, among other things, the defendant agreed to pay indemnity for accidental dismemberment and disability due to either accident or illness thereinafter provided, within 24 hours after satisfactory proof of loss had been submitted to the defendant, and providing weekly benefit for sickness or accident of $5, with a death benefit payable to plaintiff's husband; and plaintiff avers that about said time she made a claim against the defendant for weekly benefits under said policy, and that the defendant's agent or servant acting within the line and scope of his authority for the purpose of intimating the plaintiff in making her said claim maliciously and falsely stated to plaintiff's husband and divers other persons that plaintiff's said sickness was due from or caused by plaintiff suffering from the disease of syphilis, or falsely or maliciously stated on occasion to plaintiff's husband and divers other persons that plaintiff's said sickness was due from or caused by plaintiff suffering from a venereal disease, and that the defendant for that reason would not pay the plaintiff's said claim; and plaintiff avers that as a proximate consequence of said wrong plaintiff was greatly humiliated and caused to suffer

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Post, p. 49.

mental pain and anguish, injured in her reputation and good name, and her husband caused to separate from her and refused to live and cohabit with her.

Count 6A. Plaintiff claims of the defendant the further sum of $5,000 as damages for that heretofore on, to wit, the 1st day of June, 1918, the plaintiff was a married woman, the wife of J. B. Abernathy, and was living with him as such, and had been living with him for many years; that on and prior to said day the defendant was under a contract with the plaintiff wherein the defendant agreed to pay the plaintiff certain weekly benefits for sickness or accident, and certain funeral benefits upon her death, of which said funeral benefits her husband, J. B. Abernathy, was named as beneficiary, and that prior to said date the plaintiff had been sick and had made claim of the defendant under said policy, and on, to wit, said day, the defendant's agent or servant, acting within the line and scope of his authority, alienated the plaintiff's husband's affections, and caused him to abandon the plaintiff, in that the defendant's agent, acting within the line and scope of his authority, in reference to said claim for plaintiff's said sickness, maliciously and falsely stated to the plaintiff's husband and in his presence and divers other persons that the plaintiff had syphilis, or maliciously and falsely stated to the plaintiff's husband and divers and sundry other persons that plaintiff had a venereal disease and that that was the cause of her illness, and for that reason defendant refused to pay plaintiff's claim under said policy.

And plaintiff avers that as a proximate consequence thereof plaintiff's husband refused to live with the plaintiff, refused to cohabit with plaintiff, plaintiff was greatly humiliated, injured in her good name and reputation, caused to suffer great mental pain, and plaintiff claims punitive damages.

These counts sufficiently present the issues upon which the case was tried.

J. B. Boyer, of Chicago, Ill., and Alvin M. Douglas, Haley & Haley, and B. M. Allen, all of Birmingham, for appellant.

The court erred in refusing to instruct the jury that the defendant corporation could not be held for slander, and can only become liable for the utterances of its agents by expressly authorizing the slanderous utterances, or by approving or ratifying the same. 179 Ala. 404, 60 South. 848; 150 Ala. 573, 43 South. 836; 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516. The gist of the wrong is the intentional alienation, and not the intentional act. 182 Mo. App. 13, 167 S. W. 623; 110 S. W. 260; 101 S. W. 382; 81 Or. 517, 160 Pac. 132; 212 Mass. 224, 98 N. E. 785, 40 L. R. A. (N. S.) 692; 65 Neb. 670, 91 N. W. 575. The appellee has misquoted and misinterpreted section 5065, Code 1907, and the opinion in 195 Ala. 194, 70 South. 270. They insist that the doctrine of stare decisis is well settled. 190 Ala. 631, 67 South. 894; 187 Ala. 599, 65 South. 946, and cases there cited.

Beddow & Oberdorfer, of Birmingham, for appellee.

The corporation was liable. 8 Ala. App. 481, 62 South. 404; 21 R. C. L. 796 and 378; 233 Mass. 140, 123 N. E. 618; Odgers, L. & S. (4th Ed.) 553; 75 N. J. Law, 207, 67 Atl. 711; 95 Ohio St. 42, 115 N. E. 495, L. R. A. 1917D, 559; 43 South. 471; 153 Ind. 163, 54 N. E. 793; 177 N. C. 56, 97 S. E. 712; (Iowa) 179 N. W. 117, 13 A. L. R. 1132; 181 Pac. 327; 190 Ill. App. 64; 132 Minn. 399, 157 N. W. 640, L. R. A. 1916E, 776, and English cases cited. Stare decisis will not be applied to perpetual error. 15 C. J. 957; 87 Ga. 691, 13 S. E. 809.

PER CURIAM. [1, 2] In reference to the liability of a corporation for slander uttered by its agents, there seem to be two lines of authority, one holding that it is liable where the slander is uttered by its agent within the scope of his employment and in the performance of his duties in the course of transacting the business of the corporation; the rule governing liability in case of libel and of slander being regarded as the same and that it is not essential to the liability of a corporation that the slanderous words were spoken with its knowledge and approval or that it ratified the act of its agent or servant. According to another view, however, a corporation is not liable for slander except where it has expressly authorized it or subsequently ratified it, or where it constitutes a breach of duty toward the plaintiff arising out of contract. The latter view has been adopted by this court in the case of Singer Mfg. Co. v. Taylor, 150 Ala. 574, 43 South. 210, 9 L. R. A. (N. S.) 929, 124 Am. St. Rep. 90, followed by McIntyre v. Cudahy Packing Co., 179 Ala. 404, 60 South. 848, and cited with approval in case of Republic Iron Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516, and Choctaw Coal & Mining Co. v. Lillich, 204 Ala. 533, 86 South. 383, 11 A. L. R. 1014. See, also, Southern R. R. Co. v. Chambers, 126 Ga. 404, 55 S. E. 37, 7 L. R. A. (N. S.) 926; Pruitt v. Goldstein, 169 Ky. 655, 184 S. W. 1134; Flaherty v. Maxwell Co., 187 Mich. 62, 153 N. W. 45; Southern Ice Co. v. Black, 136 Tenn. 391, 189 S. W. 861, Ann. Cas. 1917E, 695. Regardless of the conflict or weight of authority, the question is regarded as stare decisis in this jurisdiction, and the majority of the court adhere to the rule as laid down in the Taylor Case, supra, and the rulings of the trial court in the instant case were not in conformity therewith, and its judgment must be reversed, as the defendant's demurrer should have been sustained to counts 2 and 6A, the only counts under which the case was tried. Nor are we impressed with the suggestion of counsel for appellee that said counts set up such a contractual relation as to bring them within the influence of the rule adhered to in

Interstate Amusement Co. v. Martin, 8 Ala. App. 481, 62 South. 404, as recognized by this court in the Singer Case, supra, and which applies to the contractual duty of carriers to protect their passengers, and hotels, innkeepers, theaters, etc., to protect their guests or patrons.

The judgment of the circuit court is reversed and the cause is remanded.

McCLELLAN, SAYRE, SOMERVILLE, THOMAS, and MILLER, JJ., concur.

ANDERSON, C. J. (dissenting). "A corporation is liable in damages for the publication of a libel as for other torts. To establish its liability, the publication must be shown to have been made by its authority, or to have been ratified by it, or to have been made by one of its servants or agents in the course of the business in which he was employed. And the same is true as to slander. Some of the cases hold a corporation liable for a slander maliciously uttered by an agent within the scope of his employment though not expressly authorized or subsequently ratified. Other cases hold that the corporation to be liable must have authorized the uttering of the slanderous words or have ratified them." Newell on Slander and Libel (3d Ed.) § 448. I think that the sounder view and the one supported by the overwhelming weight of authority is the one which draws no distinction between slander and libel and places them upon practically the same footing as malicious prosecution and other torts, and which renders the corporation liable for the slanderous utterances of its agents while acting within the line and scope of authority whether previously authorized or subsequently ratified or not. Mills v. Grant, 233 Mass. 140, 123 N. E. 618; Rivers v. Yazoo R. R., 90 Miss. 196, 43 South. 471, 9 L. R. A. (N. S.) 931; Hypes v. So. R. R., 82 S. C. 315, 64 S. E. 395, 21 L. R. A. (N. S.) 873, 17 Ann. Cas. 620; Sawyer v. Norfolk R. R., 142 N. C. 1, 54 S. E. 793, 115 Am. St. Rep. 716, 9 Ann. Cas. 440, and note; Empire Cream Co. v. Lavalle Dairy Co., 75 N. J. Law, 207, 67 Atl. 711; Roemer v. Jacob Schmidt Brewing Co., 132 Minn. 399, 157 N. W. 640, L. R. A. 1916E, 771; Fensky v. Maryland Co., 264 Mo. 154, 174 S. W. 416, Ann. Cas. 1917D, 963; Kharas v. Baron, 171 App. Div. 388, 157 N. Y. Supp. 410; Vowles v. Yadish (Iowa) 179 N. W. 117, 13 A. L. R. 1132; Buckeye Cotton Oil Co. v. Sloan, 250 Fed. 712, 163 C. C. A. 44; So. Ice Co. v. Black, 136 Tenn. 391, 189 S. W. 861, Ann. Cas. 1917E, 695; Ecuyer v. New York Life Insurance Co. (Wash.) 181 Pac. 871, 186 Pac. 327; Payton v. Clothing Co., 136 Mo. App. 577, 118 S. W. 531; Waters-Pierce Co. v. Bridwell, 103 Ark. 345, 147 S. W. 64, Ann. Cas. 1914B, 837; Rosenberg v. Underwriters, 190 Ill. App. 64; Hopkins Chemical Co. v. Reed Drug Co., 124 Md. 210,

92 Atl. 478; S. W. Telegraph Co. v. Long (Tex. Civ. App.) 183 S. W. 421; Cotton v. Fisheries Co., 177 N. C. 56, 97 S. E. 712. See, also, note to the case of Roemer v. Jacob Schmidt Brewing Co., L. R. A. 1916E, 774, which refers to both English and American cases on this subject.

The only cases, other than a few old ones subsequently repudiated by decisions of the same state, recognizing a distinction between libel and slander in respect to the liability of corporations, are the ones cited in the foregoing opinion of the court.

The case of Singer Co. v. Taylor, supra, quotes approvingly 10 Cyc. 1216, and from Mr. Odgers in his work on Libel and Slander (star page 368). The quotation from Cyc. seems to be based upon Redditt v. Singer Mfg. Co., 124 N. C. 100, 32 S. E. 392. This case does not support the text, but if there should arise a doubt on the subject, said text is not in harmony with the rule declared by the North Carolina court in the case of Cotton v. Fisheries, 177 N. C. 56, 97 S. E. 712, and cases there cited. The quotation in our Taylor Case, supra, from Mr. Odgers, is from an early edition of his work, and it appears to have been based upon an early English case, he being an English author, but as has been well and fully brought out by the able opinion of the Massachusetts court in the case of Mills v. Grant, 233 Mass. 140, 123 N. E. 618, the subsequent English cases are not in line with the text taken from Mr. Odgers' and which has been omitted from the last edition of his work. The case of Singer Mfg. Co. v. Taylor, supra, being based upon a false foundation and being in conflict with the overwhelming weight of authority as well as contrary to logic and reason, should, in my opinion, be overruled. The case of McIntyre v. Cudahy Co., 179 Ala. 404, 60 South. 848, is based entirely upon the Taylor Case, the soundness of which does not appear to have been questioned in brief or discussed in the opinion. The cases of Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516, and Choctaw Co. v. Lillich, 204 Ala. 533, 86 South. 383, 11 A. L. R. 1014, merely cite with approval the Taylor Case. I think the Taylor Case, supra, not only erroneous in approving the quotation from Mr. Odgers, but makes a fallacious distinction as to the applicability of the law as laid down by this court through Brickell, C. J., in the case of Jordan v. Ala. G. S. R. R., 74 Ala. 85, 49 Am. Rep. 800 (overruling the case of Owsley v. M. & W. P. R. R., 37 Ala. 560), to actions of slander. It is true, the Jordan Case dealt with an action for malicious prosecution, but it departed from the former rule that corporations could not be liable for the acts of their agents involving crime, and evil intent, malice, etc., and the opinion in doing so laid down the broad principle that—

"Corporations are now responsible civilly, the same as natural persons, for wrongs committed by their officers, agents or servants, while acting in the course of their employment or which are authorized or subsequently ratified."

This being a sound principle broadly stated should apply to all wrongs whether involving a malicious prosecution, libel, slander, or other torts, at least the Mississippi court in the case of Rivers v. Yazoo R. R. Co., 90 Miss. 196, 43 South. 471, 9 L. R. A. (N. S.) 931, which was a slander case, quotes approvingly from the rule as laid down by Brickell, C. J., in the Jordan Case. It will not be amiss to observe that some confusion in the earlier cases was no doubt due to statements made in determining when the slander was or was not within the scope of the agent's duty or when there was or was not a contractual obligation on the part of the corporation to protect the plaintiff, a passenger, bailee, guest, etc., from insult, slander, or abuse. If the agent acted within the scope of his duty the corporation is liable for his wrongs whether under contractual duty to protect the injured party 'or not, and the fact as to whether or not there is a contractual · obligation is a factor in determining whether or not the agent was acting within the scope of his authority. On the other hand, there are cases where a corporation has been held liable for slander or abuse of its "passenger, guest or customer" whether inflicted by an agent with authority or not—not that it was liable for the unauthorized act, but because of a contractual duty to protect his passengers, guests, etc., from insult or abuse from third persons. Again, some of the courts have held that in order for a corporation to have been liable in the instant case for slander, there should have been proof that it was authorized or subsequently ratified, but that was due to the fact that the proof did not show that the agent who uttered the slander was acting within the scope of his authority. Sawyer v. R. R. Co., 142 N. C. 1, 54 S. E. 793, 115 Am. St. Rep. 716, 9 Ann. Cas. 440.

I fully appreciate the admonition in brief of appellant's counsel against departing from the rule of stare decisis, but while certainty and repose is desirable, it should not be founded upon a glaring and undebatable error, and the sooner that a structure, based upon a false foundation, is demolished, the better for our jurisprudence. "Where a grave and public and palpable error widely affecting the administration of justice must be either solemnly sanctioned or repudiated, fiat justitia, ruat cœlum, should apply, and not the rule of stare decisis." Indeed, the false doctrine declared in the Owsley Case, 37 Ala. remained the law in this state until repudiated and corrected in the Jordan Case nearly 20 years thereafter. I therefore hold that amended counts 2 and 6A were not subject to the defendant's demurrer for failing to aver that the slander was authorized or subsequently ratified by the defendant corporation as it avers that the agent was acting within the line and scope of his authority when uttering the slanderous words.

I therefore dissent from the holding of the majority and in which GARDNER, J., concurs.