4 So.2d 259

‛LUQUIRE INS. CO. v. PARKER.

7 Div. 666.

Supreme Court of Alabama.

Oct. 16, 1941.

W. Jay Tindle, of Fort Payne, for appellee.

Wm. S. Pritchard and David R. Solomon, both of Birmingham, for appellant.

BOULDIN, Justice.

Action of slander brought by appellee against appellant, a corporation, and its agent alleged to have spoken the defamatory words.

There was judgment for plaintiff against both defendants. The corporate defendant alone appeals. The other defendant waives citation.

The cause was tried on Count F of the complaint which appears in the report of the case.

The liability of the corporate defendant is predicated upon a ratification of the words allegedly spoken by the agent to divers persons imputing dishonesty, or an offense involving moral turpitude.

In this, the complaint follows the Alabama rule touching the liability of a corporation for the slanderous words of its agent. National Life Ins. Co. v. Aber-

nathy, 206 Ala. 26, 89 So. 725; Singer Manufacturing Co. v. Taylor, 150 Ala. 574, 43 So. 210, 9 L.R.A.,N.S., 929, 124 Am.St. Rep. 90; McIntire v. Cudahy Packing Co., 179 Ala. 404, 60 So. 848; Republic Iron & Steel Company v. Self, 192 Ala. 403, 68 So. 328, L.R.A.1915F 516.

No occasion is presented for a reconsideration of the soundness of this rule in principle, and the adoption of the prevailing rule insisted upon in dissenting opinion of Chief Justice Anderson concurred in by Justice Gardner. National Life Ins. Co. v. Abernathy, supra. See, also, 13 Am.Jur. p. 1053, § 1127, p. 1055, § 1128; 19 C.J.S., Corporations, § 1280.

An essential element of ratification is knowledge on the part of a person with authority to ratify. Choctaw Coal & Mining Co. v. Lillich, 204 Ala. 533, 86 So. 383, 11 A.L.R. 1014.

We find no evidence of ratification in the record. Granting that the agent, Allen, in checking up on policies taken over by his company, furnished to his company the information, including an affidavit from a policyholder, referred to in the letter, from the auditor made exhibit to the complaint, such communications are subject to the rule of qualified privilege, not presumed to be false or malicious. Ripps v. Herrington, ante, p. 209, 1 So.2d 899.

The complaint is not based on such communications, but upon words spoken to divers persons, slanderous per se, if untrue.

There is an entire absence of evidence that knowledge of such defamatory utterances ever came to the management of the company, some one in the position of an alter ego of the company in dealing with misconduct on the part of a corporate agent. It follows the appellant was due the affirmative charge as requested.

Other questions, which will probably not arise on another trial, need not be considered further than to say: On the whole record we are of opinion the ends of justice will be best subserved by the reversal and vacation of the judgment in its entirety that the cause be retried as against both defendants. City of Tuscaloosa et al. v. Fair, 232 Ala. 129, 167 So. 276.

It is so ordered.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.