10 So.2d 41

**LUQUIRE INS. CO.,. Inc., v. PARKER.**

**7 Div. 681.**

Court of Appeals of Alabama.

Oct. 6, 1942.

Wm. S. Pritchard and Victor H. Smith, both of Birmingham, for appellant.

Leonard Crawford, of Fort Payne, for appellee.

**SIMPSON, Judge.**

This is a second appeal. Luquire Ins. Co. v. Parker, 241 Ala. 621, 4 So.2d 259.

The suit is for slander, against the appellant and its corporate agent allegedly acting within the line and scope of his employment.

There was a judgment below against both defendants, but the corporation, alone, appeals, the other defendant (agent) waiving citation.

Liability of the corporate defendant, in the first trial, was counted upon a ratification of allegedly defamatory statements spoken by the agent to diverse persons, charging the plaintiff with dishonesty or embezzlement. Luquire case, supra. The ruling of our Supreme Court on that appeal was that there was no evidence of ratification, thereby entitling the corporation to the affirmative charge. A reversal of the judgments against both defendants was then ordered.

This appeal is from a second trial. Adverting to the record of the first trial it is ascertained that the salient features of the evidence in both were substantially the same.

Liability of the appellant company in this (second) trial is claimed upon an entirely different—and legally unsupportable —theory.

Count X, appearing in the report of the present case and upon which recovery was last rested, asserts liability of the appellant solely because the allegedly slanderous words were spoken by the agent, while acting within the line and scope of his employment. There is no allegation of corporate authorization or subsequent approval or ratification of the defamatory words. This clearly offends the rule of liability in such cases, long settled in our State. The allegations of the count are totally insufficient, under the Alabama rule.

The prevailing rule (elsewhere) is as asserted in Count X, and renders the corporation liable for slanderous utterances of its agent while acting within the line and scope of his authority, whether or not previously authorized or subsequently ratified. National Life Ins. Co. v. Abernathy, 206 Ala. 26, 89 So. 725; 19 C.J.S., Corporations, § 1280.

But Alabama has long followed the minority rule, that a corporation cannot commit slander and can only become liable therefor where the defamatory words of the agent had been (1) previously authorized or (2) subsequently ratified or approved (or—not here pertinent—where the act of the agent constitutes a breach of contractual duty toward the plaintiff). Luquire Ins. Co. v. Parker, supra; National Life Ins. Co. v. Abernathy, supra; Interstate Amusement Co. v. Martin, 8 Ala.App. 481, 62 So. 404; Choctaw Coal, etc., Co. v. Lillich, 204 Ala. 533, 86 So. 383, 11 A.L.R. 1014; McIntyre v. Cudahy Pkg. Co., 179 Ala. 404, 60 So. 848; Singer Mfg. Co. v. Taylor, 150 Ala. 574; 43 So. 210, 9 L.R.A.,N.S., 929, 124 Am.St.Rep. 90; 13 Am.Jur., p. 1055, Section 1128.

This is true even though the agent of the corporation be acting for its benefit and within the scope of his duty, the reasoning being that slander is an individual wrong and the voluntary and tortious act of the speaker. Republic Iron, etc., Co. v. Self, 192 Ala. 403, 68 So. 328, L.R.A. 1915F, 516; Singer case, supra 150 Ala. page 577, 43 So. 210, 9 L.R.A.,N.S., 929, 124 Am.St.Rep. 90.

The trial court disregarded the settled law in overruling the demurrers of appellant to Count X. A reversal is therefore ordered.

Counsel, representing appellee here, concedes with commendable candor that there is no foundation for a recovery under the law now existing but urges that the rule be changed to follow the majority view prevailing elsewhere. But, other reasons not considered, the maxim, stare decisis et non quieta movere, has placed this question beyond the reach of legitimate debate.

Other matters need not be considered, except to say that if the plaintiff is unable to meet the test of the Alabama authorities by proof that the purported utterances of the agent were authorized or thereafter ratified or approved by the appellant, the cause, as to it, should be dismissed and the lower court is ordered to act in accordance with this direction.

The insistence of counsel for appellant that this court should here render a judgment for appellant and dismiss the

cause is untenable. A jury was demanded and such action by us would be unauthorized. Wilkes v. Stacy Williams Co., 235 Ala. 343, 347, 179 So. 245; Jefferson County v. Busby, 25 Ala.App. 449, 148 So. 415; Wigfield v. Akridge, 207 Ala. 560, 93 So. 612; Code 1940, Title 7, Section 810.

The judgment stands affirmed as to defendant Allen and reversed and remanded as to appellant.

Reversed and remanded.