## OWSLEY *vs.* MONTGOMERY AND WEST POINT RAILROAD COMPANY.

[ACTION FOR MALICIOUS PROSECUTION, AND FALSE IMPRISONMENT.]

1. *What actions lie against corporation.*—An action of trespass for false imprisonment lies against a corporation, but an action on the case for a malicious prosecution does not.
2. *Difference between counts in case and in trespass.*—A count which avers that the defendants, "maliciously and without probable cause, sued out a warrant, commonly called a peace-warrant, against the plaintiff," is in case for a malicious prosecution ; and so is a count which avers

Owsley v. Montgomery & West Point Railroad Company.

that the defendants, "recklessly and without probable cause, through their agent and servant, caused and procured a peace-warrant to be sued out," &c., "on which said warrant plaintiff was arrested, and brought before the said justice of the peace, who, on hearing the evidence advanced by the defendants, discharged plaintiff from the arrest under said warrant;" but a count which avers that the defendants, "recklessly, maliciously, and without probable cause therefor, caused the plaintiff to be arrested and imprisoned, on a charge that he had threatened to injure and destroy the lives and property of the defendants, and that plaintiff was imprisoned by defendants for ten days," &c., is in trespass for false imprisonment.

3. *Specification of grounds of demurrer.*—A misjoinder of counts is not available on demurrer, unless specially assigned as a ground of demurrer, as required by the statute.(Code, § 2253).

APPEAL from the Circuit Court of Russell.
Tried before the Hon. NAT. COOK.

THE complaint in this case was in the following words:

"George W. Owsley | The plaintiff claims of the
    *vs.* | defendants the sum of two
Montgomery & West Point | thousand dollars, as damages
    Railroad Company. | for maliciously and without
probable cause suing out a warrant, commonly called a peace-warrant, against the plaintiff, on the 21st January, A. D. 1857. Also, the further sum of two thousand dollars, as damages for recklessly and without probable cause, through their agent and servant, one D. H. Cram, causing and procuring a peace-warrant to be sued out before one Henry M. Crowder, a justice of the peace for said county of Russell, on the 21st January, A. D. 1857; on which warrant the said plaintiff was arrested; and brought before the said justice of the peace, who, on hearing the proof advanced by the defendants, discharged the plaintiff from the arrest under said warrant on the 31st January, A. D. 1857. The plaintiff claims of the defendants the further sum of two thousand dollars, as damages for recklessly, maliciously, and without probable cause therefor, causing the plaintiff to be arrested and imprisoned, on a charge that he, the said plaintiff, had threatened to injure and destroy the lives and property of the defendants; and

36

plaintiff was imprisoned by defendants ten days, to-wit: from the 21st January, A. D. 1857, to the 31st day of said month."

The defendant demurred to the entire complaint, and to each count thereof separately ; and assigned the following causes of demurrer : To the entire complaint—"1st, because the defendant could not swear out a peace-warrant, or act maliciously ;" and, "2d, because the complaint shows no cause of action against the defendant." To the first count—1st, "because the defendant, being an artificial person, if any at all, could not act maliciously, or swear out a peace-warrant against any person ;" 2d, "because the said count does not show any cause of action, nor does it allege that it was sued out before any officer authorized to issue it, or that any process issued ;" and, 3d, "because it does not allege that the plaintiff has been discharged, or that said proceedings against him have been terminated." To the second count—1st, "because the defendant is not responsible for the malicious act of its agent ;" and, 2d, "because the said count does not show any cause of action, or that the proper and necessary affidavit or complaint was made, upon which the justice could issue a peace-warrant." To the third count the same causes of demurrer were assigned as to the first and second counts.

The court sustained the demurrer, and its judgment thereon is now assigned as error.

CHILTON & YANCEY, for appellant.
GOLDTHWAITE, RICE & SEMPLE, contra.

R. W. WALKER, J.—It was supposed at one time that an action for a tort would not lie against a corporation. But this idea has been long since exploded, and the tendency of the law in our day is to extend the application of all legal remedies to corporations, and to assimilate them, as far as possible, in their legal duties and responsibilities, to individuals. Accordingly, the modern authorities have established the doctrine, that trover, trespass *quare clausum*,

and trespass for an assault and battery, will lie against a corporation.—*Yarborough v. Bank*, 16 East, 6 ; *Bloodgood v. Mohawk & Hudson River Railroad Co.*, 18 Wend. 9; *Maund v. Monmouthshire Canal Co.*, 4 Mann. & Gr. 452 ; *Eastern Counties Co. v. Broom*, 2 Eng. L. & Eq. 406 ; *Moore v. Fitchburgh Corp.*, 4 Gray, 465. See, also, *First Baptist Church v. Schenectady Co.*, 5 Barbour, 79 ; *Mc-Dougal v. Bellamy*, 18 Geo. 411 ; *Commonwealth v. Proprietors N. B. Bridge*, 2 Gray, 345 ; 12 Barb. 196 ; *Smoot v. Mayor*, 24 Ala. 112. And upon the same reasoning, a corporation may be sued in trespass for false imprisonment.

In like manner, when the action of a corporation becomes injurious to the public at large, the public may have its remedy by indictment. But it seems to be the law, that, inasmuch as a malicious motive and criminal intent cannot be attributed to a corporation, in its corporate capacity, it is not indictable for those crimes, of which malice, or some specific criminal intent, is an essential ingredient. Thus, in *Regina v. Great Northern Co.*, (9 Ad. & Ell. N. S. 315,) Lord Denman used this language : "Some *dicta* occur in old cases—' a corporation cannot be guilty of treason or felony. It might be added, ' of perjury, or offenses against the person.' The court of common pleas lately held, that a corporation might be sued in trespass ; (*Maund v. Monmouthshire Canal Co.*, 4 M. & Gr. 452 ;) but nobody has sought to fix them with acts of immorality. These plainly derive their character from the corrupted mind of the person committing them, and are violations of the social duties that belong to men and subjects. A corporation, which, as such, has no such duties, cannot be guilty in these cases ; but they may be guilty, as a body corporate, of commanding acts to be done to the nuisance of the community at large." So, in *Commonwealth v. Proprietors of New Bedford Bridge*, (2 Gray, 345,) it was said : " Corporations cannot be indicted for offenses which derive their criminality from evil intention, or which consist in a violation of those social duties which belong to men and subjects."—See, also, 1 Leading Cr. Cases, p. 141.

The distinction seems to be between acts injurious in their effects, and for which the actor is liable without regard to the motive which prompted them, and conduct the character of which depends upon the motive, and which, apart from such motive, cannot be made the ground of a legal responsibility. If this distinction is well taken, it would follow, that since a corporation, as such, is incapable of malice, it is not liable to be sued for a malicious prosecution.—See *Childs v. Bank*, 17 Missouri, 213; *Stevens v. Midland Counties Co.*, 26 Eng. L. & Eq. 410; *McClellan v. Cumberland Bank*, 24 Maine, 566; *State v. Great Works M. Co.*, 20 Maine, 41. And such appears to us to be the better opinion, although we are aware that there are authorities which seem to sustain the idea, that an action for a malicious prosecution may be maintained against a corporation.—See *Goodspeed v. East Haddam Bank*, 22 Conn. 530; *P. W. & B. R. R. Co. v. Quigley*, 21 How. (U. S.); *National Exchange Co. v. Drew*, 32 Eng. L. & Eq. 1.

[2.–3.] It results from what we have said, that the demurrers to the 1st and 2d counts were properly sustained. But the 3d count is not a count in case for malicious prosecution, but a count in trespass for false imprisonment, (*Sheppard v. Furniss*, 19 Ala. 760; *Ragsdale v. Bowles*, 16 Ala. 62; Code, p. 554,) which, as we have seen, will lie against a corporation. No sufficient objection to this count is stated in the demurrer to it; nor was the misjoinder of counts assigned as one of the grounds of the demurrer to the entire complaint. The demurrer to the 3d count, and the demurrer to the entire complaint, should, therefore, have been overruled.

Judgment reversed, and cause remanded.