(Decided 26th March, 1879.)

---

JOHN H. CARTER *vs.* THE HOWE MACHINE COMPANY.

*Liability of a Corporation Aggregate to an Action for Malicious Prosecution—What should be Proved to sustain the Right to recover.*

An action for malicious prosecution, as well as actions for libel, false imprisonment, assault and battery, and for false representation, may be maintained against a corporation aggregate.

Where it is sought to hold a corporation liable for the wrongful and malicious act of its agent or servant, in putting the criminal law in operation against a party upon a charge of having fraudulently embezzled the money and goods of the company, in order to sustain the right to recover, it should be made to appear that the agent had been previously expressly authorized by the corporation to act as he did, or that the act has been subsequently ratified and adopted by the company.

APPEAL from the Circuit Court for Baltimore County.

This case came into the Circuit Court for Baltimore County from the Court of Common Pleas, from which Court it was removed. The facts of the case are fully stated in the opinion of the Court.

Carter *vs.* The Howe Machine Co.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*Richard J. Gittings*, for the appellant.

The appellant contends, that whatever doubts formerly existed on the subject, the whole tendency of modern decisions, both in England and in this country, is to hold a corporation responsible in an action for malicious prosecution. *Eastern Counties Railway Co. vs. Brown*, 6 *Exchequer*, 314; *Goff vs. the Great Northern Railway Co.*, 107 *E. C. L.*, 672; *Whitfield vs. South Eastern Railway Co.*, 96 *E. C. L.*, 115; *Green vs. London Omnibus Co.*, 97 *E. C. L.*, 290; *Queen vs. Great N. of England R. Co.*, 58 *E. C. L.*, 315; *P. W. & B. R. R. Co. vs. Quigley*, 21 *Howard*, 202; *Moore vs. Fitchburg R. R. Co.*, 4 *Gray*, 465; *Goddard vs. G. T. Rail. Co.*, 57 *Maine*, 222; *Hamer vs. F. & N. R. R. Co.*, 62 *Maine*, 84; *Gillett vs. Mo. Valley R. Co.*, 55 *Mo.*, 319; *Maynard vs. F. F. Ins. Co.*, 34 *Cal.*, 48; *P. W. & B. R. R. Co. vs. State*, 20 *Md.*, 157; *Cooley on Torts*, 121 *L. R.*, 5 *C. P.*, 644; 32 *Eng. L. Eq.*, 1.

The right to maintain an action for malicious prosecution against a corporation, was expressly decided in *Goodspeed vs. The East Haddam Bank*, 22 *Conn.*, 530; *Vance vs. Erie Railway Co.*, 32 *N. J.*, (3 *Vroom*,) 334; *Fenton vs. The Wilson Machine Co.*, 9 *Phil.*, 189.

The precise point was presented to this Court, but not decided, because unnecessary, in the case of *Medcalfe vs. Brooklyn Life Ins. Co.*, 45 *Md.*, 189. In the subsequent case of *Baltimore and York Turnpike Co. vs. Boone*, 45 *Md.*, 344, in conformity with the principles involved in the case above cited, the Court decided that vindictive or exemplary damages could be awarded against a corporation. See *Green's Brice's Ultra Vires*, 266–271, (note and cases cited.)

. *Theophilus B. Horwitz* and *Orville Horwitz* for the appellee.

The appellee contends that an action for malicious prosecution cannot be maintained against a corporation. *Bank of Augusta vs. Earle,* 13 *Peters,* 587; *Perrine vs. Chesapeake and Delaware Canal Co.,* 9 *Howard,* 184; *Pearce vs. Madison and Indiana R. R. Co., &c.,* 21 *Howard,* 443, 444, 445; *State vs. Great Works Milling and Manufacturing Co.,* 20 *Maine,* 43, 44; *Childs vs. Bank of Missouri, et al.,* 17 *Mo.,* 215, 216, 217; *Stevens vs. Midland Counties Railway Co.,* 10 *Exch. R.,* 354, (*b*); *Orr vs. Bank of the U. S., et al.,* 1 *Ohio R.,* 29, 30, (*t*), 31 (*b*); *Foote vs. the City of Cincinnati, et al.,* 9 *Ohio.,* 34.

ALVEY, J., delivered the opinion of the Court.

This is an action for malicious prosecution, and for false imprisonment, instituted by the plaintiff against the defendant, a corporation incorporated by the State of Connecticut, and doing business in the State of Maryland.

The declaration alleges that the defendant maliciously, and without probable cause, caused and procured the plaintiff to be falsely charged before a justice of the peace with having fraudulently embezzled certain money and other property belonging to the defendant, and upon such charge, procured the issual of a warrant and the arrest and imprisonment of the plaintiff, and that such charge was afterwards abandoned and dismissed. And in a second count, it is alleged, that the defendant, by its servants, assaulted the plaintiff, and unlawfully caused him to be arrested and imprisoned in jail.

To this declaration the defendant pleaded, that it did not commit the wrongs alleged.

At the trial below there was but a single exception taken, and that but briefly states the proof. It states that the plaintiff offered evidence tending to maintain and prove the issue joined; and it is also stated that the de-

fendant offered evidence tending to prove the issue on its part joined. It is also stated that the plaintiff was arrested on the oath of an employé of the defendant, and that the defendant was at the time, and so continued, a corporation, duly chartered by the State of Connecticut, exercising its franchises in this State, having an office in the city of Baltimore.

Upon the evidence, the Court was asked to instruct the jury, that if they found the defendant to be a corporation, the plaintiff could not recover; and that instruction was given.

Whether this instruction is maintainable is the question presented; and the only question that has been argued at the bar is, whether an action for malicious prosecution can be maintained against a corporation aggregate.

This question was argued in the case of *Medcalf vs. Brooklyn Life Ins. Co.*, 45 *Md.*, 189, but was not decided, because it was found to be unnecessary to the judgment pronounced in that case. It does not appear, so far as our investigation has extended, that this precise question has ever been expressly decided by the English Courts. In the case of *Stevens vs. Midland Counties R. Co.*, 10 *Exch.*, 352, the question was to some extent considered, but it was left undecided. ALDERSON, B., threw out a doubt whether such an action could, in any case, be maintained against a corporation aggregate, inasmuch as such action is predicated of an act done *malo animo*, and, according to his opinion, a corporation can have no *animus*. But the other Barons, while reserving their opinion upon this point, rather intimated that a state of case might exist where such form of action might be maintained against a corporation. And it would seem to be now clear, whatever may have been the former state of judicial opinion upon the subject, that corporations are liable for all acts, whether wilful or malicious, of their agents or servants, done in the course of their employment. Hence it has

been repeatedly decided that corporations are liable in actions for assault and battery, and false imprisonment, committed by their servants, and for false representation, and for libel, as well as for all consequences of the negligent or unskilful acts of their servants, within the scope and course of their employment; and it would appear that actions for such injuries may be maintained against corporations aggregate in any case where, under similar circumstances, such actions could be sustained against individuals for the acts of their servants. The principles and reasoning upon which such actions have been sustained against corporations it is unnecessary here to repeat. We need not do more than refer to the familiar cases of *Phila., Wilm. & Balto. R. Co. vs. Quigley*, 21 *How.*, 202; *Whitfield vs. S. E. R. Co., El. Bl. & El.*, 121; *Railway Co. vs. Broom*, 6 *Exch.*, 314; *Goff vs. G. N. R. Co.*, 3 *El. & El.*, 672. The two first of these cases were actions for libel, and the two last were for assaults and false imprisonment. If such actions, founded on wrongful acts done intentionally, without just cause or excuse, (the legal definition of malice,) can be sustained, why should there be any difficulty in maintaining the action for malicious prosecution?

Judge COOLEY, in his recent work on *Torts, page* 121, thinks that the same reasons that sustain an action against a corporation for a libel will sustain one for a malicious prosecution; and though there are cases which hold that no such action can be sustained, the better doctrine, he thinks, is that laid down by some other Courts which have sustained the action. The cases to which he refers as sustaining the action, are *Vance vs. Erie R. Co.*, 32 *N. J.*, 334; *Goodspeed vs. East Haddam Bank*, 22 *Conn.*, 530; *Copley vs. Sewing Machine Co.*, 2 *Woods*, (*U. S. C. C.*,) 494; *Fenon vs. Sewing Machine Co.*, 9 *Phil.*, (*Penn.*,) 189, and *Walker vs. S. E. Railway Co., L. R.*, 5 *C. P.*, 640. In the latter case, the action was for assault, false imprisonment, and malicious prosecution, and the verdict being for the

plaintiff with separate damages assessed on each head of complaint, the defendant, under leave reserved, moved to enter the verdict on the count for malicious prosecution for the defendant, upon the ground that it was unsupported by the evidence; and the Court of Common Pleas being of that opinion, the verdict was entered for the defendant accordingly: the Court holding that the evidence failed to show authority in the servant to bind the corporation for the acts in question. There was no positive or express assertion by the Court that the action could have been sustained if the evidence had been different; and therefore that case is not an express authority in support of the right to maintain the action. The cases cited as opposed to the right to maintain the action at all, as against a corporation, are *Childs vs. Bank of Missouri*, 17 *Mo.*, 215, and *Owsley vs. Montgomery, etc., R. Co.*, 37 *Ala.*, 560. In this conflict of authority it would seem that the question has been regarded as one not free from difficulty. But, upon the whole, we quite agree with Judge COOLEY, that for the same reason that actions for libel or for false imprisonment may be maintained against a corporation an action for malicious prosecution may be maintained against it. They all alike involve the element of malice, and this Court has held upon more than one occasion that express malice or malice in fact may be imputed to a corporation for the wilful and violent acts of its servants in the course of their employment. *B. & O. R. Co. vs. Blocher*, 27 *Md.*, 287; *Balt. & Y. Turnpike Co. vs. Boone*, 45 *Md.*, 344.

But a decision of the question of the abstract right to maintain the action does not embrace the whole difficulty of these cases. The question, as far as for what acts of the agent or servant the corporation is liable is often one of great difficulty, and which requires great care in observing the proper limitations of the authority under which the agent or servant acts. While, on the one hand, it is

right to consider the agents and servants of corporations as clothed with liberal discretion in the exercise of the authority given them, and to hold the corporations liable for all acts done within the limits of that discretion, on the other hand, it is but just and right that corporations and their innocent stockholders should not be made to suffer the consequences of the wrongful acts of such agents and servants acting beyond the limits of their authority. If therefore, property be entrusted to an agent or servant for sale or safe-keeping, there is clearly an implied authority to do all such things as may be proper and necessary for the protection of that property; or if a servant be assigned to a position requiring the performance of certain duties, he has an implied authority to do all such things as may be required to enable him to perform those duties. And for all acts done within the scope of the employment and the limits of the implied authority, the master is liable, however erroneous, mistaken or malicious such acts may be; but for acts done beyond that limit the corporation cannot be made liable, unless express authority be shown, or there be subsequent adoption or ratification of the act complained of. Where the implied authority ends, and the necessity exists for showing an express authority in the servant, in order to hold the corporation liable for the acts of the servant, may be best illustrated by referring to some of the decided cases.

In the case of *Poulton vs. Lond. & S. W. R. Co., L. R.,* 2 *Q. B.,* 534, where it appeared that a station-master of the defendant arrested a person travelling by the defendant's road in charge of a horse for not paying for the carriage of the animal on demand, and there was no power in the corporation by law to arrest a person for such non-payment, but only to detain the goods, it was held that no authority could be implied to the station-master, and that, in the absence of an express authority, or a subsequent ratification of the act, the corporation could not be

held responsible. And in the case of *Allen vs. Lond. & S. W. R. Co., L. R.*, 6 *Q. B.*, 65, where a clerk in the service of the corporation, whose duty it was to issue tickets to passengers and receive the money, and keep it in a till under his charge, arrested and gave into custody the plaintiff, whom he suspected of attempting to rob the till, it was held that the clerk had no implied authority for such act, after the attempt had ceased, the arrest not being necessary for the protection of the company's property; and consequently the corporation was not liable. And in the course of his opinion, Mr. Justice BLACKBURN stated the principle, and the distinction upon which the case was decided, thus: " There is a marked distinction between an act done for the purpose of protecting the property by preventing a felony or of recovering it back, and an act done for the purpose of punishing the offender for that which has already been done. There *is no implied authority* in a person having the custody of property to take such steps as he thinks fit to punish a person who he supposes has done something with reference to the property which he has not done. The act of punishing the offender is not any thing done *with reference to the property;* it is done merely for the purpose of vindicating justice." The same principle is very clearly enunciated by the Court of Common Pleas, in deciding the case of *Edwards vs. Lond. & N. W. R. Co., L. R.*, 5 *C. P.*, 445.

The principle of the cases just referred to is the same as that upon which the case of *Mali vs. Lord*, 39 *N. Y.*, 381, was decided. In that case, the superintendent and a clerk, employed in the defendants' store, called into the store of the defendants, a policeman, and directed him to arrest and examine the person of a lady suspected of stealing goods, which was done without the knowledge or any express authority of the defendants; and it was held, in a carefully considered opinion by the Court of Appeals of New York, that there was no implied author-

ity in  the superintendent or the clerk  to do the  act com-
plained of, and  that  the  defendants, the employers, were
not liable for the wrong.

From these authorities it is quite clear, that  in a case
like the  present, where the corporation is sought to be
held liable for the wrongful and malicious act of its agent
or servant in putting the criminal law in operation against
a  party upon a charge of  having fraudulently embezzled
the money and  goods of  the company, in order to sustain
the right to recover, it should be made to appear that the
agent was  expressly authorized  to act  as  he  did  by the
corporation.   The  doing of  such an act could not, in the
nature of things, be in the exercise of the ordinary duties
of  the agent or servant entrusted with  the custody of  the
company's money or goods ; and before the corporation can
be made liable for such an act, it must be shown either that
there was  express  precedent  authority for doing  the act,
or that  the act  has been ratified and adopted  by the cor-
poration.

It follows  that  this Court  is of opinion that  there was
error in the ruling of the Court  below, and the judgment
must, therefore, be reversed, and a new trial ordered.

*Judgment reversed, and*
*new trial awarded.*

(Decided 26th March, 1879.)