# Canon, Appellant, v. Sharon & Wheatland Street Railway Company.

*Malicious prosecution—Liability of corporation for act of superintendent.*

A corporation cannot be held liable in an action for malicious prosecution instituted by its superintendent for the sole purpose of vindicating the law through the punishment of an alleged offender, unless express precedent authority of the agent, or subsequent ratification and adoption of his act by the corporation, is shown.

Argued Oct. 23, 1906. Appeal, No. 96, Oct. T., 1906, by plaintiff, from order of C. P. Mercer Co., Oct. T., 1903, No. 2, refusing to take off nonsuit in case of R. A. Canon v. The

Sharon & Wheatland Street Railway Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for malicious prosecution. Before MILLER, P. J.

From the record it appeared that the plaintiff was employed as a conductor by the defendant company, and that on September 16, 1902, an information was made against him by Godfrey Morgan, general superintendent of the railway company, charging him with embezzlement and larceny of the defendant company's money.   At a subsequent trial plaintiff was acquitted.

The court entered a nonsuit, saying: There being no evidence in this case defining the duties of Mr. Morgan, who was the superintendent or general superintendent of this railway company, the defendant, and there being no evidence that the making of the information against Mr. Canon was within the scope of any authority conferred upon him by the defendant company; and there further being no evidence that the defendant company had any knowledge of this suit, of the prosecution against Mr. Canon, at the time it was commenced or after it was commenced, and while being prosecuted, the motion for a compulsory nonsuit on the part of the defendant is granted with leave to plaintiff to move to take the same off within four days.

The court subsequently refused to take off nonsuit.

*Error assigned* was the order of the court refusing to take off nonsuit.

*J. G. White*, with him *J. A. McLaughry*, for appellant.

*S. H. Miller*, with him *Norris, Jackson & Rose*, for appellee, cited : Markley v. Snow, 207 Pa. 447 ; Carter v. Howe Machine Co., 51 Md. 290.

OPINION BY MR. JUSTICE BROWN, January 7, 1907 :

The prosecution of the appellant for alleged embezzlement was instituted by Godfrey Morgan, the superintendent of the Sharon and Wheatland Street Railway Company.   He was acquitted and brought this action against the company for ma-

licious prosecution. Its responsibility for the prosecution depended upon the authority of Morgan, as its superintendent, to institute the, same as its act. Under his general powers as superintendent there was no implied authority to commit the company to the prosecution. It was for an offense alleged to have been already committed. For the protection of the property of the company that might have been in danger he might have had implied authority to invoke criminal process for the prosecution of the offender; but in seeking to hold this appellee for the alleged wrongful and malicious act of its superintendent, or agent, in instituting a criminal prosecution, not for the recovery or protection of any of its property, but for the sole purpose of vindicating the law through the punishment of an alleged offender, either express precedent authority of the agent or subsequent ratification and adoption of his act by the corporation must be shown. In the recent case of Markley v. Snow, 207 Pa. 447, this is fully discussed and the authorities cited in support of the rule announced. Among other well-considered cases in which this rule is recognized, is Carter v. Howe Machine Co., 51 Md. 290, where it is said: "It is quite clear, that in a case like the present, where the corporation is sought to be held liable for the wrongful and malicious act of its agent or servant in putting the criminal law in operation against a party upon a charge of having fraudulently embezzled the money and goods of the company, in order to sustain the right to recover, it should be made to appear that the agent was expressly authorized to act as he did by the corporation. The doing of such an act could not, in the nature of things, be in the exercise of the ordinary duties of the agent or servant entrusted with the custody of the company's money or goods; and before the corporation can be made liable for such an act, it must be shown either that there was express precedent authority for doing the act, or that the act has been ratified and adopted by the corporation."

There was no evidence as to the scope of the authority of the appellee's superintendent. It was not within his implied power to prosecute the appellant in the name of his company. There was no evidence that it had any knowledge of the prosecution, either at the time it was brought or afterwards. There was, it is true, an offer to prove that it had ratified the

prosecution by paying the attorneys retained by Morgan.   On objection this offer was disallowed, but its disallowance is not assigned as error.   The question before us is whether, on the evidence submitted by the appellant, any express authority was shown in the superintendent to bring the prosecution, or any ratification of it afterwards by the company.   No such authority or ratification can be found, and the judgment of nonsuit could not have been withheld.

Judgment affirmed.