[L. A. No. 4895. Department One.—June 20, 1919.]

## A. CONCOFF, Respondent, v. HIPPODROME THEATER COMPANY (a Corporation), Appellant.

[1] CORPORATIONS—LIABILITY FOR TORTS OF SERVANTS.—A corporation is liable for the torts of its servant if such servant has authority from it to do the tortious act, but not otherwise, which authority may be either express or implied.

[2] ID.—FALSE ARREST BY THEATER USHER — LACK OF IMPLIED AUTHORITY—NONLIABILITY OF EMPLOYER.—A person employed by a corporation as an usher in a theater whose duty it is to attend to the seating of patrons and keep order has no implied authority to arrest or imprison persons who might commit criminal offenses in the theater, and the corporation is not liable for an alleged false arrest and imprisonment of a disorderly patron, made by such employee.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Alfred H. McAdoo for Appellant.

Gerecht & Chambers for Respondent.

SHAW, J.—The defendant appeals from a judgment in favor of plaintiff for two hundred dollars rendered in an action by the plaintiff for damages from an alleged false arrest and imprisonment.

The defendant was conducting a theater in the city of Los Angeles and had in its employment as an usher one John Barcena. Plaintiff purchased a ticket of admission to the theater and proceeded to the front thereof and was in the act of getting to a seat when he was interrupted by Barcena. The plaintiff alleges that Barcena arrested him, compelled him to go to the entrance of the theater, and there delivered him into the custody of a police officer, by whom he was taken to the city jail and kept there for an hour, all without probable cause or right, or any authority to do so. It is further alleged that Barcena did this in the regular course of his employment as servant of the defendant.

[1] A corporation is liable for the torts of its servants if such servant has authority from it to do the tortious act, but not otherwise. The burden is on the plaintiff to prove such authority. The authority may be either express or implied. There was no evidence that any express authority was given by the defendant to Barcena to arrest the plaintiff, and no claim is made to that effect. The contention is that there was an implied authority arising from the fact that the arrest was within the scope of the duties which Barcena was employed by the defendant to perform. [2] This contention is untenable.

The evidence merely shows that he was employed as an usher in the theater which was the scene of the arrest, and that as such usher his duty was to attend to the seating of the patrons after they had entered the room. It may be true that one of the implied duties of an usher in such position is to prevent disorderly conduct in the theater, and perhaps to eject persons guilty thereof, but there is no evidence on the subject respecting his duties in that particular or that he had any such authority. But in any event there was no implied authority to him from the defendant to arrest or imprison persons who might commit criminal offenses while in the

theater. Such authority is not to be implied from the mere fact that he was an usher with the duty of attending to the seating of the patrons and keeping order. The authorities are practically unanimous to this effect. (*Daniel* v. *Atlantic Coast etc. Co.,* 136 N. C. 517, [1 Ann. Cas. 718, 67 L. R. A. 455, 48 S. E. 816]; *Allen* v. *London etc. Co.,* L. R. 6 Q. B. 65; *Barabasz* v. *Kabat,* 86 Md. 36, [37 Atl. 720]; *Carter* v. *Home Machine Co.,* 51 Md. 296, [34 Am. Rep. 311]; *Mali* v. *Lord,* 39 N. Y. 381; *Markley* v. *Snow,* 207 Pa. 447, [64 L. R. A. 685, 56 Atl. 999].)

The finding of the court was to the effect that Barcena was employed by the defendant, as an usher and that among his duties was that of preserving order in the theater. As we have shown, the latter proposition is not sustained by any direct evidence. But even if it were supported, it is insufficient to sustain the conclusion that the defendant was liable for the act of Barcena in making the arrest and imprisonment complained of. The statement in the findings that Barcena "as agent and servant of the defendant, and acting within the scope of his authority as such," arrested the plaintiff, is a mere conclusion of law and it is wholly unjustified by the evidence or by the facts found. Aside from this conclusion, there is nothing in the findings to show that the defendant was responsible for the act. The appeal must be sustained. It may be added that the finding that Barcena arrested the plaintiff is supported by very slight evidence. It was shown that Barcena took charge of him and conducted him to the entrance of the theater, apparently for the purpose of ejecting him, but the arrest appears to have been made by a deputy constable who was in the theater at the time and by a police officer who was stationed at the front door.

The judgment is reversed.

Lawlor, J., and Olney, J., concurred.