176 So. 332

STANDARD OIL CO. OF KENTUCKY v. GUNN.

6 Div. 448.

Supreme Court of Alabama.

Oct. 14, 1937.

Bradley, Baldwin, All & White and King-
man C. Shelburne, all of Birmingham, for
appellant.

Thomas Seay, of Birmingham, for appel-
lee.

**BROWN, Justice.**

The case was submitted to the jury on the issues presented by counts A, B, D, and F, and defendant's pleas of the general issue pleaded in short by consent, with leave to offer evidence any matter of defense. Counts A and F are in assumpsit for breach of contract; and B and D in case for fraud and deceit in the sale to the plaintiff of motor lubricating oil for use in plaintiff's automobile, at defendant's filling station.

The plaintiff offered evidence tending to show that he entered into a contract with one Wilson, an agent or servant of the defendant in Birmingham, Ala., while said agent was acting within the line and scope of his agency to sell motor oils at said filling station, to purchase from said defendant all oil used by plaintiff, in consideration of which he was to pay less than the price charged to the members of the public who patronized said station; that said defendant through the said agent, acting within the scope of his employment, sold to plaintiff and put in plaintiff's car oils of inferior class or oils adulterated by mixing therewith such inferior oil, in consequence of which plaintiff suffered loss in the costs of repairs and having his automobile serviced.

The defendant, on the other hand, insists that said Wilson had no authority to make such price; that no such inferior oils were sold to the plaintiff, and, if so sold, the acts of said agent were outside the scope of his authority and there is no evidence that such acts were ratified by his principal.

The evidence clearly warrants inferences that it was within the scope of Wilson's agency to sell motor oils and to keep the containers at said filling station with motor oils to meet the demands of the trade, and to fix the price at which such oil would be sold. It is only where the act of the agent is without the scope of his authority that ratification is necessary to the principal's liability. Baker v. Clark, 14 Ala.App. 152, 68 So. 593.

The "Principal is liable for his agent's fraud, tort, or negligence, though committed without principal's participation or consent, if it is done in the course of his employment, and not a willful departure from it, and as to third persons, affected by agent's acts or words, it is sufficient if agent acts within apparent scope of his authority." Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 685.

If, as one phase of the evidence goes to show, Wilson, while acting within the apparent scope of his authority in and about the defendant's business of selling motor oils at said filling station, made a contract to sell high-grade motor oil to plaintiff at a fixed price, but instead sold and furnished to him adulterated inferior oils to his damage, this would constitute a breach of such contract for which the defendant would be liable in assumpsit.

And under such contract it was the defendant's duty to furnish a high-grade of motor oils, and, if he breached this duty, by deceitfully and fraudulently furnishing a low grade of adulterated oil resulting in damage to plaintiff, it would be liable in case for such deceit. Mobile Life Ins. Co. v. Randall, 74 Ala. 170; Sovereign Camp, W. O. W., v. Feltman, 226 Ala. 390, 147 So. 396; Bentley-Beale, Inc. v. Wesson Oil & Snowdrift Sales Co., 231 Ala. 562, 165 So. 830.

So, also, on well-settled principles, if the defendant was engaged in the business of selling motor oils represented to be high-grade "Mobile A" and "Essolube," and Wilson, the agent or servant of the defendant, acting within the scope of his employment, fraudulently and deceitfully sold to the plaintiff an adulterated low-grade oil for use in his automobile, result-

ing in injury and damage to plaintiff's automobile, the defendant would be liable therefor. Code 1923, § 5676; 12 R.C.L. p. 401, §§ 148, 149; 7 R.C.L. 651, § 652; Wilson v. McKleroy, 206 Ala. 342, 89 So. 584.

The evidence warranted a submission of the issues to the jury on these several phases of the case, therefore the affirmative charges as to this case as a whole and to the several counts were well refused.

Charges 1 and 2, given at plaintiff's instance, were given without error, and charges requested by the defendant, the predicate for assignments of error 8, 9, and 10, , were well refused. These charges relate to the right of the jury to award punitive damages, and it is well settled that such damages may, in the discretion of the jury, be awarded against a corporation for the fraudulent acts of its servant or agent acting within the scope of his authority. Southern Building & Loan Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21; Alabama Great Southern Railroad Co. v. Sellers, 93 Ala. 9, 9 So. 375, 30 Am.St. Rep. 17; 8 R.C.L. 599, § 144.

There is an exception to this rule, recognized in this state, in respect to malicious prosecution and malicious attachments or garnishments. The authorities were reviewed in a case recently decided. Glidden Company et al. v. Laney, ante, p. 475, 175 So. 296.

The authorities cited by the appellant are cither within the exception or have been repudiated.

Plaintiff's given charge, the predicate for the eleventh assignment of error, embraces all the elements of the cause of action stated in count D, and was given without error.

There was evidence which, if believed, supports the verdict of the jury, and it cannot be affirmed that the verdict was against the great weight of the evidence. Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

The proceeding and judgment of the circuit court are free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.