RUBY BAKER v. ATLANTIC COAST LINE RAILROAD CO.

192 So. 606
Division A
Opinion Filed December 22, 1939

*Raleigh T. Barber, Neil C. McMullen* and *D. C. Mc-Mullen,* for Plaintiff in Error;

*T. Paine Kelly,* for Defendant in Error.

THOMAS, J.—Plaintiff in error sued defendant in error for slander, alleging that her husband's body was found on the railroad track of defendant in error; that one Marlow was at the time section foreman for plaintiff in error and in that capacity "on behalf of defendant had investigated the cause of the * * * death and retained" part of the deceased's skull; that plaintiff in error went to the scene of her husband's death seeking information and "Marlow, while acting in the scope of his employment as such section foreman investigating the cause of death," in the presence of other persons stated that the husband was killed by plaintiff in error and another who placed the body on the track to make it appear that he had been struck by the train.

The pleading concluded with the allegation that the malicious words were uttered by "Marlow acting in the scope of his employment * * *."

Judgment was entered on the demurrer to the declaration and this appeal followed. The question of the sufficiency of these allegations is the sole one for our consideration.

Authority is abundant for the position that under certain circumstances a corporation is answerable for slander committed by its agents (Polk v. Missouri Pac. R. Co., 156 Ark. 84, 245 S. W. Rep. 186, 29 A. L. R. 220; Mills v. W. T. Grant Co., 233 Mass. 140, 123 N. E. Rep. 618, but we must first decide whether the set of facts outlined in the declaration would make these decisions applicable to the immediate controversy.

The following rule from Vowles v. Yakish, 191 Iowa 369, 179 N. W. Rep. 117, 13 A. L. R. 1132: "The test

generally applied by the cases is: (a) Was the person who uttered the slanderous words an authorized agent of the corporation? (b) If so, was he at the time acting within the scope of his employment? (c) Was the language charged used in the actual performance of his duties touching the matter in question?"—seems the correct one to follow in testing where in given circumstances liability is established. It is found also in Fensky v. Maryland Casualty Co., 264 Mo. 154, 174 S. W. Rep. 416.

The Supreme Court of Ohio in The Citizens Gas & Electric Co. v. Black, 95 Ohio St. Rep. 42, 115 N. E. Rep. 495, L. R. A. 1917D, 559, pointed out that the agent must have been fully intrusted with the matter at hand and had implied authority to speak the slanderous words.

We have held in Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 181 South. Rep. 214, a case involving false imprisonment of a customer and assault and battery upon her, that a corporation is liable for acts of its agents done by its authority; and in Tip Top Grocery Co. v. Wellner, 135 Fla. 518, 186 South. Rep. 219, we affirmed a judgment against a corporation for slander of a customer by a clerk but the point here seems to be one of pleading; i. e., whether the declaration, despite the presumption against it, is sufficient in charging that the alleged slanderer was acting within his authority and was actually "performing his duties touching the matter in question."

Certainly his title "section foreman" does not carry any implication that he was charged with the investigation of death caused by the operation of trains of the defendant in error. That he had "in the capacity of section foreman on behalf of defendant" investigated the death of the husband of the plaintiff in error does little to strengthen the pleading. The actual slander is stated to have occurred when plaintiff

in error went to seek the cause of her husband's death and "Marlow while acting in the scope of his employment as such section foreman investigating the cause of the death" spoke the slanderous words.

There is a failure to aver directly that the agent was authorized by the defendant in error to perform a specific service during which he slandered the plaintiff in error and facts are not sufficiently alleged which if proven would show that the tort was committed by the agent while he was acting within the bounds of his agency. The title of his position imparts no information about his duties with reference to determining responsibility for death on his employer's property. Statements of an investigation in this "capacity" on behalf of the defendant in error and of utterance of the so-called slanderous words within "the scope of his employment as such section foreman," when considered with the other parts of the pleading we have quoted are not sufficient allegations to withstand the attack made upon the pleading.

We affirm the judgment.

WHITFIELD, P. J., BROWN and BUFORD, J. J., concur.

TERRELL, C. J., and CHAPMAN, J., dissent.