Appellant, Eunice Northington, appeals from the trial court's summary judgment in favor of Dairyland Insurance Company, Inc. (Dairyland) in an action alleging breach of contract and fraud. We affirm.
In September 1981, Ms. Northington went to Mr. Leonard Wills, a defendant below, and discussed the possibility of obtaining insurance for her automobile. Mr. Wills, who owns and operates Wills Realty and Insurance Company, Inc., is an independent insurance agent for various companies, including Dairyland, and is an insurance broker for other companies. On November 30, 1981, Ms. Northington gave Mr. Wills a cash payment of $80.00, and Mr. Wills advised her that she had full automobile insurance coverage on her automobile as of that date. Ms. Northington did not fill out an application for insurance or sign any other form at that time or at any subsequent time in connection with her insurance coverage.
Ms. Northington attempted to contact Mr. Wills subsequently to discuss the fact that she had never received her insurance policy papers. On the few occasions when she reached Mr. Wills, he maintained to Ms. Northington that she had full insurance coverage, but did not inform her of the particular insurance company through which she was allegedly insured.
On December 16, 1981, Ms. Northington was involved in a one-vehicle automobile accident. She made a claim to Mr. Wills for coverage of the damages under her alleged insurance policy. Mr. Wills advised her to get two estimates on the damage and not to worry.
In January 1982, following the accident, Mr. Wills informed Ms. Northington that she had insurance with Dairyland Insurance Company, Inc. and that this insurance would cover the damage to her automobile. In February 1982, Mr. Wills accepted a further payment of $37.55 from Ms. Northington to be applied to the cost of her insurance.
In fact, Mr. Wills never made application to Dairyland for insurance on Ms. Northington's behalf. Nor did Mr. Wills forward the premium payments from Ms. Northington or any notice of loss from the accident to Dairyland.
On April 8, 1982, Ms. Northington filed a complaint against Leonard Wills, Wills Realty and Insurance Company, Inc., and Dairyland Insurance Company. She alleged breach of contract and fraud against the defendants.
On January 27, 1983, Dairyland filed a motion for summary judgment. As grounds for the motion, Dairyland asserted that there was no material dispute as to the facts and that at no time did Dairyland write a policy of insurance for Ms. Northington, that at no time was Ms. Northington, prior to her accident, informed that she had a policy of insurance with Dairyland, and that the actions of Dairyland's agent, Mr. Wills, exceeded the scope of his authority.
The trial court granted Dairyland's motion for summary judgment. Ms. Northington appeals, alleging that the trial court erred in finding that there was no genuine issue of material fact as to Dairyland's liability. Her basic argument is that Dairyland is bound by the representations that she was fully insured made by Mr. Wills *Page 285 
acting under apparent authority as a general agent for Dairyland. We do not agree.
First, it is clear that Mr. Wills could not be considered an actual agent of Dairyland in his transactions with Ms. Northington, since he exceeded the scope of his actual authority as defined in the agency agreement existing between him and Dairyland. That agreement stated, in part:
 "(1) Pursuant to request that the underwriting facilities of the Company be made available to the Agent, the Company hereby grants authority to the Agent to solicit proposals for insurance for such classes or risks as the Company from time to time may authorize to be solicited, and to collect, receive and receipt for premiums of insurance tendered by the Agent to and accepted by the Company subject, however, to restrictions placed upon such Agent by the laws of the state or states in which such Agent is authorized to write insurance business and to the terms and conditions hereinafter stated; provided, however, that the acceptance by the Agent of any premiums or the giving of a receipt therefor shall in no wise obligate the Company other than in accordance with the written instructions of the Company.
 "Agents shall have authority to bind insurance for classifications of risks and types of vehicles that are normally written by the Company. When a signed application is submitted, with a premium deposit of at least two months' premium, coverage is bound as of the time and date the application is signed by both the applicant and agent. All bound business must be submitted with cash and must be promptly forwarded to a Dairyland office."
Since Mr. Wills willfully breached the agency agreement by failing to follow the above procedures in securing insurance for Ms. Northington, he cannot be considered an actual agent so as to bind Dairyland in this case. See Standard Oil Co. v.Gunn, 234 Ala. 598, 176 So. 332 (1937); Gulf States Co. v.Fried, 218 Ala. 684, 119 So. 685 (1928).
Ms. Northington, nevertheless, asserts that Dairyland is liable for Mr. Wills's representations under the doctrine of apparent authority and estoppel. In Johnson v. Shenandoah LifeInsurance Company, 291 Ala. 389, 394, 281 So.2d 636, 640
(1973), concerning the doctrine of apparent authority and estoppel, this Court stated:
 "In Roberts Sons v. Williams, 198 Ala. 290, 73 So. 502, this court said:
 "`Where the evidence shows that the actor has been held out by the alleged principal, as being his agent or as possessing the authority assumed by such agent within the scope of the principal's business, the doctrine of apparent authority can be invoked by one who has been misled to his detriment. * * *'
 The following was written in Automotive Acceptance Corporation v. Powell, 45 Ala. App. 596, 234 So.2d 593:
 "`The doctrine of apparent authority does not rest upon what one thinks an agent's authority may be, or what the agent holds out his authority to be; rather, the doctrine of apparent authority is based on the principal's holding the agent out to a third person as having the authority under which he acts. The following statement on the doctrine of apparent authority is found in Am.Jur.2d, Agency, Sec. 74, p. 476:
 "`"The apparent power of an agent is to be determined by the acts of the principal, and not by the acts of the agent; a principal is responsible for the acts of an agent within his apparent authority only where the principal by his acts or conduct has clothed the agent with the appearance of authority, and not where the agent's own conduct and statements have created the apparent authority."'
". . . .
 "`Apparent authority' is such as a principal knowingly permits an agent to assume or holds him out as possessing. First Trust Joint Stock Land Bank v. Diercks, 222 Iowa 534, 267 N.W. 708. It seems to be generally *Page 286 
held that an agent's apparent authority must be based upon the conduct of the principal and not of the agent. 2A C.J.S. Agency § 161; 3 Am.Jur.2d, Agency § 75."
These statements indicate that in order for a principal to be held liable under the doctrine of apparent authority and estoppel, the principal must have engaged in some conduct which led a third party to believe that the agent had authority to act for the principal. Reviewing the record, we find no evidence whatsoever that Dairyland indicated to Ms. Northington or led her to believe that Mr. Wills had authority to act for the company in the manner in which he acted. No one, other than Mr. Wills, made any representations to Ms. Northington or engaged in any conduct on behalf of Dairyland in this case. Since an agent's apparent authority must be based on conduct of the principal and not of the agent, and Dairyland engaged in no conduct which gave the impression of Wills's authority, we hold that Dairyland is not liable for Wills's representations.
As indicated above, Mr. Wills was not an agent for Dairyland in his transactions with Ms. Northington; he, therefore, had no authority to bind Dairyland by his representations. Accordingly, there was no genuine issue of material fact against Dairyland. Dairyland, therefore, was entitled to summary judgment, pursuant to A.R.Civ.P., Rule 56 (c).
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.